STATE OF NORTH CAROLINA v. ROBERT PEARL BRYSON

No. 7630SC192

(Filed 7 July 1976)

1. **Criminal Law §§ 145, 154— consolidated trial of defendants — two records on appeal — inclusion of unnecessary material — taxing of costs against attorneys**

    Where attorneys appointed to represent three defendants in an appeal from a consolidated trial of defendants for the same offenses filed two records on appeal instead of one and included unnecessary material in each of the records filed, each attorney will be personally taxed with a portion of the costs. App. R. 9(b)(5).

2. **Criminal Law § 92— consolidation of cases for trial**

    Cases against three defendants charged with the same offenses were properly consolidated for trial although the solicitor's motion was not in writing. G.S. 15A-926(b)(2).

3. **Criminal Law § 15; Jury § 2— change of venue — special venire — pretrial publicity — other unsolved crimes**

    In a prosecution for breaking and entering, larceny, and safecracking, the trial court did not abuse its discretion in the denial of defendants' motions for change of venue or in the alternative for a special venire from another county on the ground of publicity and the large number of unsolved breakings and enterings which had been committed in the county during the period immediately preceding the arrest of defendants.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 30 October 1975 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 9 June 1976.

By indictments, proper in form, defendant Bryson was charged with (1) felonious breaking and entering on 8 August 1975 and felonious larceny after such breaking and entering of a building occupied by Richard Howell doing business as Howell's Market, and (2) safecracking on 8 August 1975 of a safe belonging to Richard Howell. By separate indictments Lloyd Calvin Ashe and Hilliard Prince Ashe were charged with the same offenses. The cases against the three defendants were joined for trial.

The State's evidence showed the following: At 6:00 p.m. on 7 August 1975 Richard Howell, owner of Howell's Market in downtown Murphy, closed and locked his place of business. When the store was opened at 8:00 o'clock the next morning, it was found that the building had been broken into, a safe

belonging to Howell containing approximately $2000.00 in cash had been removed therefrom, and approximately 350 cartons of cigarettes were missing.

The State's witness, Marsha Bowers, testified that in the early morning of 8 August 1975 she, defendants Bryson, Lloyd Calvin Ashe, Hilliard Prince Ashe, and two women met and planned to break in Howell's Market. The men were to break into the market and the women were to pick them up later in a truck. Bowers testified she arrived with the truck at the back of the store at approximately 5:25 a.m., and defendant Bryson, with the other two men, loaded a safe and cigarettes onto the truck. They drove to a fruit stand, where they unloaded the cigarettes, then drove to Forest Service property, where the safe was broken open with a chisel and the money taken therefrom.

Defendant Bryson did not present evidence. The defendants Lloyd Ashe and Hilliard Ashe presented evidence which tended to establish alibies and also presented evidence tending to discredit the State's witness, Marsha Bowers.

The jury found defendant Bryson guilty of felonious larceny and of safecracking. From judgment imposing prison sentences, he appealed.

*Attorney General Edmisten by Associate Attorney William H. Guy for the State.*

*William A. Hoover, Jr. for defendant appellant.*

PARKER, Judge.

[1] Defendant Bryson was tried jointly with Lloyd Ashe and Hilliard Ashe. All three were found guilty and all appealed. Their court appointed attorneys caused two separate records on appeal to be filed in this Court. There should have been but one. Rule 11(d), North Carolina Rules of Appellate Procedure. In addition, the attorneys included in both of the records on appeal matter not necessary for an understanding of the errors assigned. For example, in the record filed by the attorney representing defendant Bryson there is included the entire charge of the court to the jury although no assignment of error is made by any of the three appellants to any portion of the charge. In the record filed by the attorney representing defendants Ashe

there are included copies of safekeeping orders and of orders authorizing the furnishing of transcripts at State expense, matters which have no bearing on the errors assigned. The filing of two records when there should have been but one and the inclusion in both records of matter which should not have been included has placed an unnecessary burden on this Court and has imposed upon the State an expense which was not necessary for the protection of defendants' rights to full appellate review. See opinion of Chief Judge Brock in *State v. Patricia Ann McKenzie,* Case No. 7620SC74, which is filed contemporaneously herewith.

Rule 9(b)(5) of the North Carolina Rules of Appellate Procedure is as follows:

"(5) *Inclusion of Unnecessary Matter: Penalty.* It shall be the duty of counsel for all parties to an appeal to avoid including in the record on appeal matter not necessary for an understanding of the errors assigned. The cost of including such matter may be charged as costs to the party or counsel who caused or permitted its inclusion."

Because counsel representing defendant Bryson and counsel representing defendants Ashe filed two records instead of one and because they included unnecessary material in each of the records filed, each counsel will be personally taxed with a portion of the costs.

[2] Since each of the three defendants was charged with the same offenses, the cases were properly joined for trial, G.S. 15A-926(b)(2). Appellants have failed to show any way in which any of them was prejudiced because the solicitor's motion for joinder was not in writing. Accordingly, appellants' assignments of error directed to the court's action in consolidating the cases for trial are overruled. *See State v. Cottingham,* 30 N.C. App. 67, 226 S.E. 2d 387 (Case No. 7620SC80, opinion filed contemporaneously herewith.)

[3] Appellants assign error to the denial of their motions for change of venue or in the alternative for a special venire to be drawn from another county. The motions were made on the ground that because of publicity and because of the large number of unsolved breakings and enterings which had been committed in Cherokee County during the period immediately preceding the arrest of the defendants, the defendants could

not in this case receive a fair trial in Cherokee County. Such motions are addressed to the sound discretion of the trial judge, and hs ruling thereon will not be reviewed on appeal absent a showing of abuse of discretion. *State v. Mitchell,* 283 N.C. 462, 196 S.E. 2d 736 (1973). No abuse of discretion has been here shown.

We have carefully considered all of the remaining assignments of error, and we find no error. There was ample evidence to warrant submitting the cases to the jury, and defendants' motions for nonsuit were properly denied. In the trial and judgments appealed from we find

No error.

Judges HEDRICK and ARNOLD concur.