STATE OF NORTH CAROLINA v. PATRICIA ANN McKENZIE

No. 7620SC74

(Filed 7 July 1976)

1. Criminal Law § 154— consolidated trial of defendants — severance of cases on appeal

When the court has ordered consolidation of cases or charges for trial, counsel cannot, of his own enterprise, sever the cases or charges and appeal each separately in the absence of a showing of compelling circumstances. App. R. 11(d).

2. **Criminal Law §§ 145, 154— consolidated trial of defendants — multiple records on appeal — taxing of costs against attorneys**

Where attorneys appointed to represent three defendants in an appeal from a consolidated trial of defendants for the same offense caused three separate records on appeal to be filed in the appellate court, the attorneys were taxed with the costs of printing the two redundant records on appeal. App. R. 9(b)(5).

APPEAL by defendant from *Barbee, Judge.* Judgment entered 15 October 1975 in Superior Court, RICHMOND County. Heard in the Court of Appeals 6 May 1976.

Defendant was charged in a bill of indictment, proper in form, with the felony of assault with a deadly weapon with intent to kill, inflicting serious injury upon one Wesley Long on 13 July 1975.

The jury found defendant guilty as charged, and a prison term of twelve years was imposed.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Benny S. Sharpe for the defendant.*

BROCK, Chief Judge.

This case was properly consolidated for trial with similar charges against Eugene McKenzie and Frederick Cottingham.

Mr. Benny S. Sharpe was appointed to represent this appealing defendant, as well as defendant Eugene McKenzie, at trial and on appeal to this Court. Mr. Donald M. Dawkins was appointed to represent defendant Frederick Cottingham at trial and on appeal to this Court. Nevertheless, on appeal Messrs. Sharpe and Dawkins caused three separate records on appeal to be filed in this Court as cases numbers 7620SC74 (Patricia Ann McKenzie), 7620SC75 (Eugene McKenzie), and 7620SC80 (Frederick Cottingham). The costs, respectively, of printing these three records on appeal were: $150.15, $155.10, and $243.48. Since each of the defendants was found to be indigent, fees for counsel at trial and on appeal are provided by the State. Also the expenses of docketing and printing the three records on appeal and printing of the briefs are provided by the State. Even if defendants were personally paying counsel fees and court costs, the preparation of three separate records on appeal would be unnecessary expenses for counsel to incur for their clients. Furthermore, it is improper procedure for counsel to file three separate records on appeal from a trial at which the three cases were consolidated. Aside from the question of the unnecesary expenses, the filing of three separate records on appeal creates the undue burden on the appellate courts of having to read three when one would have sufficed. Rule 11(d) of the North Carolina Rules of Appellate Procedure specifically addresses this subject. It provides for a single record on appeal and the methods of accomplishing a single record on appeal.

[1] When the court has ordered consolidation of cases or charges for trial, counsel cannot, of his own enterprise, sever the cases or charges and appeal each separately in the absence of a showing of compelling circumstances. Clearly the fact of indigency should not be considered by a defendant as a license to be a spendthrift with taxpayers' money. *State v. Squires,* 1 N.C. App. 199, 160 S.E. 2d 550 (1968).

Rule 9(b)(5) of the North Carolina Rules of Appellate Procedure provides: "It shall be the duty of counsel for all parties to an appeal to avoid including in the record on appeal matter not necessary for an understanding of the errors assigned. The cost of including such matter may be charged as costs to the party or counsel who caused or permitted its inclusion."

[2] By appealing these three cases separately, counsel has prepared and caused to be printed two redundant records on

State v. Cottingham

appeal; these records on appeal constitute matter not necessary for an understanding of the errors assigned. There has been no showing of compelling circumstances to justify the filing of three records on appeal instead of one. Consequently, counsel, Mr. Benny S. Sharpe, will be personally taxed with costs in the sum of $150.00. In *State v. Cottingham,* in an opinion filed contemporaneously herewith, counsel, Mr. Donald M. Dawkins, will be personally taxed with costs in the sum of $150.00.

Upon the merits of the appeal in this case, we have fully examined defendant's assignments of error and find them to be without merit. In our view defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.