STATE OF NORTH CAROLINA v. DONALD CRAIG KESSACK

No. 764SC757

(Filed 16 March 1977)

1. **Criminal Law §§ 145, 154— unnecessary records on appeal — cost of printing taxed against defense counsel**

    Where charges against defendant were properly consolidated for trial with similar charges against two others, all three appealed, and the attorneys caused three separate records on appeal to be filed in the Court of Appeals, each of the attorneys is personally taxed with a portion of the costs of the unnecessary records.

2. **Criminal Law § 76— voir dire hearing — no evidence from defendant — denial of right to offer evidence — issue first raised on appeal**

    A defendant who fails to offer evidence or otherwise indicate to the trial court that he wishes to offer evidence at a *voir dire* hearing will not be heard to complain for the first time on appeal that he was denied the right to do so.

3. **Criminal Law § 76— statement by defendant — no custodial interrogation — admissibility**

    The trial court in a prosecution for possession of controlled substances did not err in allowing a police officer to testify concerning

State v. Kessack

statements made to him by defendant while defendant was in custody where the evidence on *voir dire* showed that there was no custodial interrogation but that defendant himself initiated and pursued the conversation with the officer.

**4. Criminal Law § 76— incriminating statement — uncontradicted evidence on voir dire — necessity for findings of fact**

Although it is the better practice for the court to find facts upon which it concludes that evidence of a confession or of an inculpatory statement is admissible, where no conflicting evidence is offered on the *voir dire* and the uncontradicted testimony establishes that evidence of the confession or of the inculpatory statement is admissible, it is not error for the judge to admit the evidence without making specific findings of fact.

**5. Bill of Discovery § 6— failure to comply with discovery request — withheld evidence admissible**

Though the prosecution failed to comply with G.S. 15A-907 by failing to inform defendant that it intended to use at trial a statement made to a police officer by defendant while he was in custody, the court was not thereby required to prohibit the State from introducing the evidence it had failed to disclose, nor was defendant entitled to a new trial because the court permitted introduction of such evidence.

**6. Criminal Law §§ 79, 95— confession by testifying co-defendant — no limiting instruction — no error**

The trial court did not err in failing to instruct the jury to consider a confession made by a testifying co-defendant, which implicated defendant, only against the confessing co-defendant, since defendant did not object to the evidence or request a limiting instruction.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 21 May 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 15 February 1977.

Defendant was found guilty of felonious possession of LSD, felonious possession of more than one-half gram of phencyclidine, felonious possession of more than one ounce of marijuana, and misdemeanor possession of phentermine. From judgment imposing prison sentences, he appealed.

*Attorney General Edmisten by Special Deputy Attorney General John M. Silverstein for the State.*

*Lanier & Lanier by Charles S. Lanier for defendant appellant.*

PARKER, Judge.

[1]   The charges against defendant were properly consolidated for trial with similar charges against William Schlieger and Lloyd Schlieger, who were also found guilty. Each of these three defendants appealed. Their attorneys caused three separate records on appeal to be filed in this Court. There should have been but one. Rule 11(d), North Carolina Rules of Appellate Procedure, 287 N.C. 671, 705. Pursuant to Rule 9(b)(5) of the Rules of Appellate Procedure, each counsel will be personally taxed with a portion of the costs of the unnecessary records. *State v. Montgomery*, 291 N.C. 91, 229 S.E. 2d 572 (1976); *State v. McKenzie*, 30 N.C. App. 64, 226 S.E. 2d 385 (1976); *State v. Bryson*, 30 N.C. App. 71, 226 S.E. 2d 392 (1976). We have computed the printing costs of the unnecessary matter caused to be filed in the three cases and find the total to be $273.80. Consequently, Mr. Charles S. Lanier, counsel for Donald C. Kessack (764SC757), is taxed personally with costs in the sum of $91.27; Mr. Billy G. Sandlin, counsel for William Schlieger (764SC832), will be taxed personally with costs in the sum of $91.27; and Mr. Edward G. Bailey, counsel for Lloyd Schlieger (764SC739), will be taxed personally with costs in the sum of $91.27.

In his brief, appellant's counsel has not referred to any assignment of error or to any exception. Rule 28(b) of the Rules of Appellate Procedure specifies what should be contained in the appellant's brief. That rule provides in part as follows:

> "Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages of the printed record on appeal at which they appear. Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."

Despite counsel's failure to comply with the Rules of Appellate Procedure, we will in this case pass upon the merits of the questions which he seeks to present for review.

The first two questions which appellant seeks to raise on this appeal concern the admission in evidence over his objection of testimony of the State's witness, Deputy Sheriff Cro-

well, concerning a conversation which he had with defendant after defendant was arrested and while he was in jail. The record reveals the following:

The State presented evidence to show that on 15 November 1975 Deputy Sheriff Crowell and other officers of the Onslow County Sheriff's Department, acting pursuant to a search warrant, searched a trailer at 316 Carlson Drive in Bellauwoods Trailer Park and searched a Mercury Montego automobile parked in the driveway at that address. Defendant was not present when the search was made. However, it was shown that he and William Schlieger rented the trailer from its owner, that defendant paid the rent on the trailer, and that the Mercury Montego automobile was registered to the defendant. The officers found a large quantity of controlled substances, including those referred to in the charges against the defendant, in the trailer and in the trunk of the Mercury automobile. The officers also found in the trailer a large amount of cash and records in defendant's handwriting which appear to reflect amounts owed by various persons on account of sales of various controlled substances. Defendant was arrested on 13 February 1976. Deputy Sheriff Crowell, as a witness for the State, testified at defendant's trial concerning the search. Crowell also testified that on one occasion he had gone to the jail after defendant had been arrested. The purpose of his visit was to speak with the person in charge of the control room at the jail. As Crowell was leaving the control room, which was in front of the bull pen where defendant was, the defendant asked him if he was Crowell. Crowell replied that he was. At that point in Crowell's testimony, defendant's attorney objected, and the court sent the jury out. In the jury's absence, the witness Crowell testified:

> "Mr. Kessack asked me if I was Crowell and I stated I was. Mr. Kessack said I hear you went to my house and I said yes, I did. He said I hear you got my money and I said yeah, I did, around twelve grand cash. He said I hear you got my car. I said yeah, I did. He then asked me. He said I heard you got some goodies in the kitchen. I said we got about three-quarters of a pound of cocaine. He said that's not cocaine and that was about the end of the conversation and I started to walk away and the Defendant told me that the only way you are going to convict me is to lie. I told the defendant that I didn't have to lie to convict him, he

had already done it himself and I walked on out of the jail."

The court then overruled defendant's objection without making express findings of fact and permitted Crowell to testify before the jury substantially as above set forth.

[2]    Appellant first questions the admissibility of Crowell's testimony concerning the statements made by defendant during their conversation at the jail on the grounds that defendant was not allowed to be heard at the *voir dire* hearing and that there was no showing that the statements attributed to him were made voluntarily after he had been advised of his *Miranda* rights. At the outset, we note that the record does not support appellant's contention that he was not allowed to be heard at the *voir dire* hearing. The record does not show that defendant ever asked to be heard and was refused, that he ever offered to present evidence but was not permitted to do so, or that he ever even indicated to the trial judge in any manner that he wished to be heard or to present evidence at the *voir dire* hearing. A defendant who fails to offer evidence or otherwise indicate to the trial court that he wishes to offer evidence at a *voir dire* hearing will not be heard to complain for the first time on appeal that he was denied the right to do so.

[3, 4]    The uncontradicted evidence presented at the *voir dire* hearing shows that the statements attributed to the defendant were freely and voluntarily made by him. That a defendant is in custody when he makes an inculpatory statement does not of itself render evidence concerning the statement inadmissible. *State v. Hines*, 266 N.C. 1, 145 S.E. 2d 363 (1965). Here, the uncontradicted evidence presented at the *voir dire* examination also shows that there was no custodial interrogation of the defendant but that on the contrary it was the defendant, rather than the officer, who initiated and pursued the conversation. Since there was no custodial interrogation, it was not necessary for the officer to advise defendant of his *Miranda* rights. *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971). Although it is always better practice for the Court to find facts upon which it concludes that evidence of a confession or of an inculpatory statement is admissible, *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971), where, as here, no conflicting evidence is offered on the *voir dire* and the uncontradicted testimony establishes that evidence of the confession or of the inculpatory state-

ment is admissible, it is not error for the judge to admit the evidence without making specific findings of fact. *State v. Simmons,* 286 N.C. 681, 213 S.E. 2d 280 (1975). Such findings are implied when the court admits the evidence of the confession or inculpatory statement. *State v. Whitley,* 288 N.C. 106, 215 S.E. 2d 568 (1975).

[5]    Defendant next questions the admissibility of Crowell's testimony concerning defendant's statements made during the course of their conversation at the jail on the grounds that the prosecution had failed to give notice of intent to offer the statements into evidence, after defendant had made timely request for information concerning any such statements. Prior to trial defendant's counsel wrote a letter to the district attorney, pursuant to Article 48 of G.S. Ch. 15A, in which request was made that the prosecution furnish information with regard to all written, recorded, or oral statements made by defendant which the State intended to offer in evidence. The assistant district attorney responded to that request on 24 February 1976, but he did not disclose defendant's oral statement to Crowell. Deputy Sheriff Crowell testified at trial that he did not mention the conversation which he had had with the defendant to the district attorney until Monday of the week in which the trial took place. Defendant, pointing to the continuing duty to disclose imposed by G.S. 15A-907, now contends that he is entitled to a new trial because of the prosecution's failure to disclose the information promptly after the district attorney learned of its existence. Although it does appear that the prosecution failed to comply with G.S. 15A-907 in this case, it does not follow that the court was thereby required to prohibit the State from introducing the evidence which it had failed to disclose or that defendant is entitled to a new trial because the court permitted introduction of such evidence. Which of the several remedies available under G.S. 15A-910(a) should be applied in a particular case is a matter within the trial court's sound discretion. *State v. Morrow,* 31 N.C. App. 654, 230 S.E. 2d 568 (1976). Under the circumstances of this case, we find no such abuse of discretion as would justify awarding defendant a new trial.

[6]    Defendant's final contention is that the court erred in failing to instruct the jury to consider a confession made by a testifying co-defendant, which implicated defendant Kessack, only against the confessing co-defendant. Since the co-defendant testified, defendant recognizes that there was no violation of his

constitutional rights to confrontation and that the rule announced in *Bruton v. U.S.* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968) and followed in *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968) does not apply. Defendant's contention is that the trial court committed reversible error by failing to give the limiting instruction, citing the following from *State v. Lynch,* 266 N.C. 584, 588, 146 S.E. 2d 677, 680 (1966):

> "Where two or more persons are jointly tried, the extrajudicial confession of one defendant may be received in evidence over the objection of his codefendant(s) when, *but only when,* the trial judge instructs the jury that the confession so offered is admitted in evidence against the defendant who made it but is not evidence and is not to be considered by the jury in any way in determining the charges against his codefendant(s)."

Defendant's contention, however, is directed to a matter which is simply not presented on the present record. When the codefendant, Lloyd Schlieger, testified in this case, defendant's counsel objected to a question by the prosecuting attorney concerning a statement made by Lloyd Schlieger on the night of his arrest to Deputy Sheriff Crowell. This objection was overruled, and Schlieger then answered and denied making any statement. Defendant excepted to the overruling of his objection, and that exception is the sole exception on which defendant seeks to base his present contention. Later, the State recalled Crowell as a rebuttal witness. Crowell testified that on the night he arrested Lloyd Schlieger and after he advised Schlieger of his constitutional rights, Schlieger told him that all the narcotics which had been seized, "the money and everything," belonged to Donald Kessack, and that on one occasion Kessack had paid him one hundred dollars to deliver a large amount of money to some man in Philadelphia. No objection was interposed by defendant's counsel to this testimony by Crowell and no request was made that the jury be instructed that Lloyd Schlieger's statements were being admitted in evidence only against him but were not evidence and were not to be considered by the jury in any way in determining the charges against defendant Kessack. In the absence of any objection to the evidence and in the absence of any request for a limiting in-

struction, admission of the evidence without the limiting instruction did not constitute reversible error.

No error.

Chief Judge BROCK and Judge ARNOLD concur.