STATE OF NORTH CAROLINA v. RONALD LEE MAYO

No. 7812SC997

(Filed 3 April 1979)

**Constitutional Law § 30— discovery order—refusal to prohibit evidence not disclosed**

> Where it became evident at trial that the State had not complied with a discovery order by failing to advise defendant of tests performed on the alleged murder weapon, it was not error for the trial court to declare a recess and give defendant's attorney an opportunity to question the witness rather than to prohibit the State from introducing the evidence not disclosed. G.S. 15A-910.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 17 August 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 February 1979.

The defendant was indicted for murder. The evidence for the State and the defendant was to the effect that defendant shot his wife three times with a .32 caliber pistol. The defendant contended it was an accident. The defendant made a request for voluntary discovery in March 1978 which was complied with by the State at that time. On 31 March the State requested reciprocal discovery of the defendant. The defendant complied with the State's request, including furnishing the State with the results of tests performed on the alleged murder weapon by an expert. The defendant's expert witness testified at the trial that in his opinion the gun could have discharged three times by accident. After the defendant had rested his case, the State called in rebuttal a witness to testify as to certain tests he had made on the pistol. These tests showed the pistol would not fire accidentally as contended by the defendant. It was then revealed to the defendant for the first time that the State had an expert perform tests on the pistol a few days before the trial. The defendant objected to the admission of the testimony. The court then took a 45-minute recess and allowed the defendant's attorney to examine the witness in private. After this examination, the court made the following inquiry of the defendant's attorney:

> "COURT: All right. Given the limitation of the witness testifying this morning, do you feel that the time that you had with the witness was adequate?

MR. GEIMER: Yes."

The defendant objected to any testimony by the State's expert witness as to the results of his tests with the pistol. The court allowed this testimony over the objection of the defendant.

The defendant was convicted of involuntary manslaughter.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Assistant Public Defenders Gregory A. Weeks and John Britt for defendant appellant.*

WEBB, Judge.

The defendant's one assignment of error is to the court's allowing the State's witness to testify as to the results of his tests with the pistol. The defendant contends the State did not comply with the rules as to discovery and this testimony should have been excluded. The statute governing the options of a trial court when a party does not comply with the discovery procedure is G.S. 15A-910 which says:

> If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may
>
> (1) Order the party to permit the discovery or inspection, or
>
> (2) Grant a continuance or recess, or
>
> (3) Prohibit the party from introducing evidence not disclosed, or
>
> (4) Enter other appropriate orders.

When it became evident to the trial court that the State had not complied with the rule as to discovery, it had the power to do one of the above four things. The defendant argues the court erred in not using the third sanction, that is, to have excluded the evidence. We cannot hold it was error not to use any one of the sanctions available to the court. This statute has been before the appellate courts in several cases. *See State v. Hill,* 294 N.C. 320,

240 S.E. 2d 794 (1978); *State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977); *State v. Thomas*, 291 N.C. 687, 231 S.E. 2d 585 (1977); *State v. Kessack*, 32 N.C. App. 536, 232 S.E. 2d 859 (1977) and *State v. Morrow*, 31 N.C. App. 654, 230 S.E. 2d 568 (1976). In each of these cases, the Court affirmed the trial court in admitting the evidence and said it had not abused its discretion in doing so. In this case, the appellant contends that the State has acted in bad faith by not disclosing the evidence which it had for several days before the trial. The appellant argues that for this reason, we should hold it was an abuse of discretion for the court not to exclude the evidence. When the question was raised in the trial court, it was in the discretion of the trial judge as to which, if any, of the alternatives provided in the statute he would use. He determined that he would declare a recess and give the defendant's attorney an opportunity to question the witness. This was one of the options given the court under section 2 of G.S. 15A-910 and we hold it was not error for the court to use this provision of the statute rather than section 3.

No error.

Judges PARKER and ARNOLD concur.