STATE OF NORTH CAROLINA v. TIMOTHY CORNELL McDONALD

No. COA07-710

(Filed 5 August 2008)

1. Appeal and Error— preservation of issues—failure to raise constitutional issues at trial—waiver

Although defendant contends the trial court deprived him of his state and federal constitutional due process right by precluding his use of the defenses of voluntary intoxication and diminished capacity in an attempted first-degree murder and assault

_____

with a deadly weapon with intent to kill inflicting serious injury case, this assignment of error is dismissed because defendant failed to raise these constitutional issues at trial, and thus, they are waived.

**2. Discovery— sanction for violations—precluded defenses— voluntary intoxication—diminished capacity**

The trial court did not abuse its discretion by precluding defendant's use of the defenses of voluntary intoxication and diminished capacity as a discovery violation sanction under N.C.G.S. § 15A-910 in an attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury case because: (1) although defendant was not allowed to assert these defenses, he was allowed to assert the defenses of duress and accident which were not disclosed under N.C.G.S. § 15A-905; and (2) the trial court's decision to allow defense to use two defenses demonstrated that it affirmatively exercised its discretion and precluded only those defenses that would have prejudiced the State.

**3. Constitutional Law— effective assistance of counsel—failure to give notice of defenses of diminished capacity and voluntary intoxication**

Defendant was not deprived of his state and federal constitutional right to effective assistance of counsel based on his attorney's failure to give notice to the State that he intended to assert the defenses of diminished capacity and voluntary intoxication in an attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury case because: (1) defendant failed to present substantial evidence of either voluntary intoxication or diminished capacity; and (2) there was no reasonable probability that the alleged error affected the outcome of the trial.

Appeal by defendant from judgments entered 1 September 2006 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 4 February 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General K.D. Sturgis, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.*

STEELMAN, Judge.

Where the imposition of sanctions by the trial court was not an abuse of discretion, and when defendant does not show that his counsel's performance was deficient or that any alleged deficiency was prejudicial, a new trial is not warranted.

## I. Factual and Procedural Background

Cynthia Greene (Greene) and Timothy McDonald (defendant) were not married, but had a child together, Justin Greene. The relationship between Greene and defendant had deteriorated over the years due to the fact that defendant continued to live with his wife and children. On Sunday, 11 September 2005, defendant decided that Justin would go to his church to watch his daughter in a play. He went to Greene's church, without any prior notice, and demanded that Justin leave with him. An argument ensued in the church parking lot. The result of this argument was that defendant shot Greene seven times with a handgun and then fled with Justin to his church. Police arrived, and at one point defendant used Justin as a shield. Eventually defendant released the child and surrendered to police. In a statement to police, defendant asserted that the shooting was accidental.

Prior to the commencement of the trial on 28 August 2006, defendant entered pleas of guilty to five misdemeanor offenses arising out of the 11 September 2005 incident: going armed to the terror of the people; assault on a female; misdemeanor child abuse; assault inflicting serious injury with a minor present; and assault with a deadly weapon with a minor present. Defendant proceeded to trial before a jury on two felony charges: attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. The jury found defendant guilty of the two felony charges. The misdemeanor charges were consolidated into two judgments and defendant was sentenced to two consecutive terms of 150 days imprisonment. On the felony charges, the trial court found defendant to be a prior felony record Level II, and sentenced defendant to an active term of 90 to 117 months imprisonment for the assault charge, and a second active sentence of 170 to 213 months imprisonment was imposed for the attempted first degree murder charge. Defendant appeals.

## II. Preclusion of Defenses

In his first argument, defendant contends that the trial court abused its discretion and deprived him of his state and federal con-

stitutional due process right in precluding his use of the defenses of voluntary intoxication and diminished capacity as a discovery violation sanction. We disagree.

On the afternoon of the first day of trial, the State moved for an order precluding defendant from asserting any of the defenses covered by N.C. Gen. Stat. § 15A-905(c) on the ground that defendant had not responded to the State's reciprocal motions for discovery and for notice of defenses. Defense counsel stated that defendant intended to assert the defense of accident, and professed to be unaware of the State's motion for reciprocal discovery, suggesting that such a motion may have been served on defendant's prior counsel. The State produced four or five separate motions requesting notice of defenses, including some that had been served on defendant's trial counsel. The trial judge requested that defendant state for the record any defense that defendant intended to assert. Defense counsel stated that defendant intended to assert the defenses of accident and duress. The trial judge then specifically enumerated each of the other defenses set forth in N.C. Gen. Stat. § 15A-905(c)(1) that defendant would be precluded from asserting. At that time, defense counsel stated that defendant also wished to assert the defenses of diminished capacity and voluntary intoxication. The State objected to the assertion of any of the defenses listed in the statute on the basis of untimeliness and undue prejudice. The trial judge ruled that the defense would be permitted to assert the defenses of accident and duress, but was barred from asserting any other defense.

## A. Preservation

[1] Defendant contends he was deprived of his right to due process under the state and federal constitutions and his constitutional right to present a defense.

Constitutional issues must be raised at trial. *State v. Tirado*, 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004). Since defendant failed to raise this issue at trial, he has waived appellate review based on constitutional grounds. *See id.*

## B. Abuse of discretion

[2] Defendant next contends that the trial court abused its discretion in precluding him from asserting the defenses of voluntary intoxication and diminished capacity.

N.C. Gen. Stat. § 15A-905 provides that, if the State requests notice of defenses, defendant must provide notice of his or her in-

tent to use the defenses of "alibi, duress, entrapment, insanity, mental infirmity, diminished capacity, self-defense, accident, automatism, involuntary intoxication, or voluntary intoxication." N.C. Gen. Stat. § 15A-905(c) (2007). If defendant does not comply with § 15A-905, the trial court may apply various sanctions, listed in N.C. Gen. Stat. § 15A-910:

(1)  Order the party to permit the discovery or inspection, or

(2)  Grant a continuance or recess, or

(3)  Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4)  Enter other appropriate orders.

N.C. Gen. Stat. § 15A-910(a) (2007). "Which of the several remedies available under that statute should be applied in a particular case is a matter within the trial court's sound discretion, not reviewable on appeal in the absence of a showing of an abuse of discretion." *State v. Morrow*, 31 N.C. App. 654, 658, 230 S.E.2d 568, 571 (1976), *cert. denied*, 297 N.C. 178, 254 S.E.2d 37 (1979), *overruled on other grounds*, 312 N.C. 198, 321 S.E.2d 864 (1984).

Defendant contends that his mental state at the time of the shooting was the central issue of the trial, and that precluding the defense of diminished capacity "went to the core of the defendant's challenge to the State's proof of the critical elements of the two felonies." Defendant argues that there is "more than a reasonable possibility" that the result of the trial would have been different had he been able to assert the defenses.

The record reveals that, although the trial court did not allow defendant to assert the defenses of voluntary intoxication or diminished capacity, defendant was allowed to assert the defenses of duress and accident, which were not disclosed pursuant to N.C. Gen. Stat. § 15A-905. The State acknowledged to the trial court that it had anticipated the accident defense. Further, unlike the diminished capacity and voluntary intoxication defenses, the defense of duress would not require substantial preparation on the part of the State, including the engagement of experts.

The trial court's decision to allow defendant to use two defenses demonstrates that it affirmatively exercised its discretion

and precluded only those defenses that would have prejudiced the State. We hold that the trial court's imposition of sanctions pursuant to N.C. Gen. Stat. § 15A-910 was not arbitrary and was not an abuse of discretion.

This argument is without merit.

## III. Ineffective Assistance of Counsel

[3] In his second argument, defendant contends that he was deprived of his state and federal constitutional right to effective assistance of counsel when his attorney failed to give notice to the State that he intended to assert the defenses of diminished capacity and voluntary intoxication. We disagree.

A criminal defendant is guaranteed the right to be represented by counsel, and this right has been interpreted as the right to effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 654, 80 L. Ed. 2d 657, 665 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 80 L. Ed. 2d at 698. "[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 248-49 (1985).

In the instant case, defendant cannot satisfy the two-part *Strickland* test. Even assuming *arguendo* that defense counsel erred by failing to give notice of the intent to rely on the diminished capacity and voluntary intoxication defenses, defendant cannot show that there is a reasonable probability that the outcome of the trial would have been different but for this alleged deficiency.

To satisfy his burden in establishing voluntary intoxication as a defense to negate premeditation and deliberation, defendant must show substantial evidence that his mind and reason were so completely intoxicated and overthrown as to render him utterly

incapable of forming a deliberate and premeditated purpose to kill. More importantly, the evidence must show that *at the time of the killing*, defendant was so intoxicated that he could not form specific intent. Evidence tending to show only that defendant drank some unknown quantity of alcohol over an indefinite period of time before the murder does not satisfy the defendant's burden of production.

*State v. Long*, 354 N.C. 534, 538, 557 S.E.2d 89, 92 (2001) (citations and quotations omitted). An instruction on diminished capacity is warranted where "evidence of defendant's mental condition is sufficient to cause a reasonable doubt in the mind of a rational trier of fact as to whether the defendant was capable of forming the specific intent to kill the victim at the time of the killing." *State v. Clark*, 324 N.C. 146, 163, 377 S.E.2d 54, 64 (1989).

Although defendant contends that he was entitled to a voluntary intoxication defense, the evidence at trial showed that on 10 September 2005, the night before the shooting, defendant drank one-half pint to a pint of liquor, took three Ambien sleeping pills, and smoked a joint of marijuana. The next morning, "after this wore off," defendant was able to get up and get dressed for church. Investigator A.C. Janes, who took a statement from defendant immediately after he was taken into custody, testified that defendant did not appear intoxicated, confused or sleepy, and appeared to be in possession of all of his faculties.

Defendant points to no evidence which he claims he was precluded from offering at trial. Even assuming *arguendo* that defendant had additional evidence of his intoxication or diminished capacity, we are unable to review this due to the fact that it was not preserved in the record for our review. *See State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985).

Based on the evidence presented at trial, the record reveals that defendant would not have been able to satisfy his burden of showing voluntary intoxication. Given the time differential between the time defendant ingested the substances and the time of the offense, defendant had a sufficient amount of time to become sober before the shooting occurred. Defendant presented no toxicology expert, and no evidence suggests the degree of defendant's intoxication, if any, at the time of the shooting. Additionally, defendant woke up the morning of the shooting, got dressed, and drove to church. These actions show that he could think rationally, and was not so

intoxicated at the time of the shooting that he was "utterly incapable" of forming specific intent.

Likewise, the evidence presented of defendant's mental condition at the time of the shooting was insufficient to support a diminished capacity defense. *See Clark* at 163, 377 S.E.2d at 64.

Defendant failed to present substantial evidence of either voluntary intoxication or diminished capacity, and we hold that there is no reasonable probability that the alleged error of defense counsel affected the outcome of the trial. *See Braswell* at 563, 324 S.E.2d at 249.

This argument is without merit.

Defendant has failed to argue his remaining assignments of error, and they are deemed abandoned. N.C.R. App. P. Rule 28(b)(6) (2008).

NO ERROR.

Chief Judge MARTIN and Judge STEPHENS concur.