### STATE: v. FREDERICK ELDRIDGE MARTIN.

(Filed 3 May, 1967.)

**1. Indictment and Warrant § 17—**

   Discrepancies in the appellation given by the witnesses to a commercial establishment do not constitute a fatal variance when it is apparent that the names were used interchangeably by the witnesses to identify the same establishment named in the bill of indictment.

**2. Same—**

   Defendants were charged with breaking and entering and larceny from a building located at "1720 North Boulevard." The witnesses referred to the location as "1720 Louisburg Road." *Held:* Averments in the indictment as to the address were not descriptive of the offenses, and the bill of indictment being specific in describing the property taken, there was no fatal variance, the possibility of double jeopardy being obviated by the right to offer extrinsic evidence showing that both names were used for the same street.

STATE *v.* MARTIN.

**3. Criminal Law § 31—**
  A court will take judicial notice of the names of streets, squares and public grounds of the municipality in which it is sitting.

APPEAL by defendant from *Braswell, J.,* 2 January 1967 Regular Criminal Session of WAKE.

Defendant, Fred Eldridge Martin, and three other defendants were charged in a bill of indictment with breaking and entering, larceny of property of the value of $10,000, and receiving stolen goods. A nonsuit was entered on the count of receiving. The count as to breaking and entering charged that defendant broke and entered a certain building "occupied by one Hill's Sporting Goods, Inc., a corporation, located at 1720 Louisburg Road, Raleigh." Martin entered a plea of not guilty. The three codefendants, Partozes, Hart and Griffin, each entered a plea of guilty as charged.

The State offered evidence of Edward Martin Hill, who testified, *inter alia,* substantially as follows: "I am Edward Martin Hill. My business is Hill's Inc. That business is incorporated. The business is located at 1720 North Boulevard, Raleigh." He stated that the building was entered through a rear window after the bars had been pried loose. He further testified to other damage to the building, and that guns, pistols, and other merchandise of the value of $10,000 were removed from the premises.

Defendants Griffin and Hart testified that they went out to Hill's in defendant Martin's car, and that Griffin and Partozes broke and entered the building while Martin and Hart kept a lookout. A door was broken from the inside and Martin backed his car up to the door, where the merchandise was loaded into the car and carried away by defendants.

Defendant Martin offered no evidence. The jury returned verdict of guilty of breaking, entering and larceny as charged in the bill of indictment.

The counts were consolidated for the purpose of judgment and defendant was sentenced to the State Prison for a term of eight years. Defendant appealed.

*Attorney General Bruton and Staff Attorney Wilson B. Partin, Jr., for the State.*
  *Boyce, Lake & Burns for defendant appellant.*

PER CURIAM. Defendant contends there was a fatal variance between the indictment and proof, in that the indictment charges defendant broke and entered "Hill's Sporting Goods, Inc., 1720

Louisburg Road, Raleigh," and in the proof the corporation was variously referred to as "Hill's, Inc.," "Hill's Sporting Goods," or "Hill's," located at 1720 North Boulevard. The names were used interchangeably by the witnesses to identify the same occupant of the building and the same owner of the property.

In *State v. Wyatt*, 254 N.C. 220, 118 S.E. 2d 420, the indictment for embezzlement alleged ownership in the "Pestroy Exterminating Company." The bill of particulars laid the ownership in "Pestroy Exterminators, Inc.," and the witnesses in their testimony referred to both of those names and "Pestroy Exterminating Corporation" interchangeably. The court there held no fatal variance existed between the allegations and proof, it being apparent that all the witnesses were referring to the same corporation. In the instant case, it is apparent from the record that all the witnesses were talking about the same corporation. See also *State v. Wilson*, 264 N.C. 595, 142 S.E. 2d 180.

Defendant further contends fatal variance between the address alleged in the indictment and the proof offered. "Where an indictment alleges the particular place where an act took place, and such allegation is not descriptive of the offense, and is not required to be proved as laid in order to show the court's jurisdiction because such jurisdiction is established by other evidence admissible under other allegations, a variance which does not mislead accused or expose him to double jeopardy is not material." 42 C.J.S., Indictments and Informations, § 256, p. 1276.

Here, the allegations as to address were not descriptive of the offense of breaking, entering and larceny, and the bill of indictment was so specific as to contain as a part thereof an itemized, detailed "description of property taken." The bill of indictment described the building so as to remove it from the application of G.S. 14-72 and established jurisdiction in Wake County Superior Court. Thus defendant could not have been misled in the preparation of his defense.

The possibility of double jeopardy would be cured by extrinsic evidence that 1720 Louisburg Road and 1720 North Boulevard are one and the same place. In the case of *State v. Hicks*, 233 N.C. 511, 64 S.E. 2d 871, the Court, speaking through Ervin, J., stated:

> "It is an ancient and basic principle of criminal jurisprudence that no one shall be twice put in jeopardy for the same offense. . . .
>
> "Whether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first is always to be determined by the court from an inspection of

the two indictments. *S. v. Nash, supra,* (86 N.C. 650). Whether the same evidence would support a conviction in each case is to be determined by a jury from extrinsic testimony if the plea of former jeopardy avers facts *dehors* the record showing the identity of the offense charged in the first with that set forth in the last indictment. *S. v. Bell, supra* (205 N.C. 225, 171 S.E. 50)."

Moreover, the road referred to serves traffic from downtown Raleigh to Louisburg and other northern points, and is one of the most used thoroughfares in the City of Raleigh. Upon the Court taking judicial notice that Louisburg Road and North Boulevard are one and the same road, the number 1720 would specify the exact situs. "Courts sitting in a city judicially notice the streets, squares, the public grounds thereof, their location, and relation to one another, and the direction in which they run as laid down on an official map of the city." 20 Am. Jur., Evidence, § 54, p. 78. The variance was not fatal and did not require a nonsuit.

We have carefully examined those portions of the charge of the court which defendant assigns as error, and, reading the same contextually, we find no prejudicial error.

No error.