STATE OF NORTH CAROLINA v. JAMES HAYWOOD

No. 107

(Filed 30 July 1979)

**1. Receiving Stolen Goods § 1— elements**

The essential elements of feloniously receiving stolen goods are: (1) receiving or aiding in the concealment of goods, (2) of a value of more than $200.00, (3) stolen by someone else, (4) the receiver knowing or having reasonable grounds to believe the goods to have been stolen, and (5) the receiver acting with a dishonest purpose.

**2. Receiving Stolen Goods § 5.1— sufficiency of evidence**

The evidence was sufficient for the jury in a prosecution for feloniously receiving stolen goods where: defendant's testimony that he did not steal the

State v. Haywood

suit he was charged with receiving but obtained it in an exchange with another person and a store manager's testimony that the suit was missing from his store and had not been sold permitted inferences that defendant received the suit and it was stolen by someone else; defendant's knowledge or reasonable grounds to believe that the suit was stolen could be inferred from his willingness to sell the suit at a mere fraction of its actual value; a dishonest purpose could be inferred from defendant's sale of the suit and conversion of the proceeds to his own use; and evidence that the price of the suit was $215.00 established that the value of the goods received was more than $200.00.

3. **Criminal Law § 15— motion to dismiss for improper venue—timeliness**

In order to raise a question of venue, it is necessary to file a motion to dismiss for improper venue prior to trial, G.S. 15A-952, and the issue of venue cannot be raised under a motion to dismiss for insufficiency of the evidence.

4. **Criminal Law § 15— proof of venue**

The State adequately proved venue where the indictment charged that defendant "unlawfully, wilfully and feloniously did *have* and *receive* one (1) suit" in Guilford County, and the State's evidence showed that defendant was in possession of the suit in Guilford County, since under G.S. 14-71 venue is proper in any county in which defendant has possession of the stolen goods, and the additional allegation that the goods were "received" in Guilford County was mere surplusage.

ON appeal pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, opinion by *Judge Erwin* with *Judge Parker* concurring and *Judge Robert M. Martin* dissenting, finding no error in defendant's conviction for feloniously receiving stolen goods before *Judge Crissman* at the 13 February 1978 Criminal Session of GUILFORD Superior Court. Defendant was sentenced to imprisonment for not less than five nor more than seven years. The decision of the Court of Appeals was reported at 39 N.C. App. 639, 251 S.E. 2d 620.

*Rufus L. Edmisten, Attorney General, by W. A. Raney, Jr., Special Deputy Attorney General, for the state.*

*Wallace C. Harrelson, Attorney for defendant appellant.*

EXUM, Justice.

The principal question presented by this appeal, and the one over which the panel below disagreed, is whether the trial judge properly denied defendant's motion to dismiss at the close of all the evidence. Upon careful examination of the record, we con-

clude there is substantial evidence of each element of the offense of feloniously receiving stolen goods. Defendant's motion was therefore properly denied.

The state's evidence tended to show that in the early months of 1977 police officers in Greensboro were running an undercover operation for the purpose of recovering stolen goods in a television shop at the corner of Freeman Mill Road and Four Seasons Boulevard. Defendant entered this shop on 26 January 1977 carrying three suits in a green garbage bag. One of these suits was gray, size forty-three long, with the brand name Heritage Collection by Hart, Schaffner & Marx, and a $215.00 price tag. The indictment charged defendant with feloniously receiving only this suit. Defendant asked $85.00 for all three of the suits in the bag and was paid $80.00 for them.

Raymond Jones, manager of the McLeod-Watson-Van Straaten store in Durham, identified the gray, size forty-three long suit as one he had discovered missing from his store between the 20th and 25th of January 1977. He testified that the suit had not been sold by the store and that its price was $215.00.

Defendant testified in his own behalf. He stated that he had been in the business of buying suits at low prices on sale and reselling them at a profit for about three years. He expressed some uncertainty as to where he had gotten the suit in question here, but at one point he stated:

"Yes, I am in the business of selling clothes. I know about clothes. Yes, I presume I know a good deal in clothes when I see one. It was between December and January 26th, about the time I went to the place, the TV shop, that I got this suit.

"Yes, knowing about clothes, I know that people take these price tags off when they sell them. Like I said, I didn't pay no attention to the price tag being on there. I figured I could give him two suits and take it, that I paid $40.00 for.

"I didn't say where I got the suit. I didn't take the suit. I did not steal the suit. I didn't ask the person I got it from if he stole it. He said he got a suit and he couldn't wear a forty-three long. I am telling the ladies and gentlemen of the jury

that I paid for it by giving him two suits, I think, I'm not sure. I gave him two suits for this and probably another one. I said earlier I wasn't sure. He could have told me any kind of name—I still couldn't believe any kind of name. No, I didn't know his name.

"Care—why should I care whether it was stolen or not? Yes, by him selling it, I didn't think it would be stolen, by him wanting to swap two suits. No, I did not know him to be a man who dealt in clothes and to have a good reputation. Most people I dealt with, I didn't know a thing about them, only the places they worked."

Defendant assigns as error the denial of his motion to dismiss for insufficiency of evidence. "To withstand defendant's motion [to dismiss], there must be substantial evidence against the accused of every essential element that goes to make up the crime charged." *State v. Allred,* 279 N.C. 398, 404, 183 S.E. 2d 553, 557 (1971). Since this moton was made at the close of all the evidence, we must consider both the state's and defendant's evidence in determining the correctness of its denial. *State v. Jones,* 296 N.C. 75, 248 S.E. 2d 858 (1978).

[1] The essential elements of feloniously receiving stolen goods are: (1) receiving or aiding in the concealment of goods, (2) of a value of more than $200.00, (3) stolen by someone else, (4) the receiver knowing or having reasonable grounds to believe the goods to have been stolen, and (5) the receiver acting with a dishonest purpose. *See* G.S. §§ 14-71, 14-72; *State v. Tilley,* 272 N.C. 408, 158 S.E. 2d 573 (1968); *State v. Neill,* 244 N.C. 252, 93 S.E. 2d 155 (1956); *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791 (1953); N.C.P.I.—Crim. § 216.40.

[2] Defendant contends there is no evidence that the suit which he was charged with receiving was stolen by someone else. We disagree. In his testimony quoted above, defendant stated that he had gotten the suit in an exchange with another person. Although there are a number of suits described in the record, he was obviously speaking of the suit from McLeod-Watson-Van Straaten because he said it was a forty-three long, and no other suit was so described in the testimony. Defendant's testimony thus provides evidence that he received this suit from someone else. Mr. Raymond Jones testified that this suit was discovered missing from

the store and that it had not been sold. From this testimony a reasonable inference arises that the suit was stolen. This testimony together with defendant's statements that he did not steal the suit but, rather, received it from someone else, leads to a second reasonable inference that someone else stole the suit. Construing this evidence in the light most favorable to the state, then, we conclude it provides substantial evidence that (1) defendant received the suit and (2) it was stolen by someone else.

Defendant's knowledge or reasonable grounds to believe that the goods were stolen can be implied from his willingness to sell the suit at a mere fraction of its actual value. *See State v. St. Clair*, 17 N.C. App. 22, 193 S.E. 2d 404 (1972); *State v. Hart*, 14 N.C. App. 120, 187 S.E. 2d 351 (1972); *State v. Scott*, 11 N.C. App. 642, 182 S.E. 2d 256 (1971). A dishonest purpose can be inferred from defendant's selling the suit and converting the proceeds to his own use. Finally, there was plenary evidence that the price of the suit was $215.00, thus establishing that the value of the goods received was more than $200.00.

[3]   There was thus substantial evidence of each of the elements of feloniously receiving stolen goods. Defendant nevertheless contends that his motion to dismiss for insufficiency of the evidence should have been granted because there was no proof that the receiving took place in Guilford County, as alleged in the indictment. When the question of venue is properly and timely raised, the burden of proof is on the state to show that the offense was committed in the county named in the indictment. *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977). In order to raise this question, however, it is necessary to file a motion to dismiss for improper venue prior to trial. G.S. 15A-952. Defendant failed to make such a motion. He cannot raise the issue under his motion to dismiss for insufficiency of the evidence.

[4]   Nevertheless, we note that the state did adequately prove venue. The portion of the indictment to which defendant points charges that he "unlawfully, wilfully and feloniously did *have* and *receive* one (1) suit" in Guilford County. Under G.S. 14-71, venue is proper in any county in which a defendant was in possession of the stolen goods. The state alleged and proved and defendant here admitted that he was in possession of the suit in Guilford County. This was sufficient to establish venue. The additional

allegation that the goods were "received" in Guilford County was, under these circumstances, mere surplusage and imposed no additional burden of proof on the state. *See State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978). Defendant's assignment of error is without merit.

We have examined each of the other assignments of error brought forward in defendant's brief and conclude the issues raised therein were correctly decided by the Court of Appeals. The decision of the Court of Appeals is

Affirmed.