STATE OF NORTH CAROLINA v. WAYLAND D. CURRIE

No. 804SC31

(Filed 1 July 1980)

1. **Indictment and Warrant §§ 17.2, 17.3– variance as to time and place of offense**

   There was no fatal variance between an indictment charging defendant with felonious possession of a stolen trailer in Duplin County on 21 January 1979 and evidence showing defendant possessed the trailer in Columbus County on 18 February 1979 since (1) defendant presented alibi defenses relating to 21 January and 18 February and therefore did not rely on the date charged in the indictment; (2) defendant was not misled by the allegation of possession in Duplin County because the allegation of place was not descriptive of the offense of felonious possession of stolen property; and (3) the allegation of the county where the offense occurred was essentially one of venue, and the allegation of venue became conclusive under G.S. 15A-135 when defendant failed to make a timely motion to dismiss for improper venue.

2. **Receiving Stolen Goods § 6– possession of stolen goods – date of possession– erroneous instruction – alibi**

   Where there was evidence tending to show that defendant possessed a stolen trailer on 18 February 1979 but no evidence that he possessed the trailer on 21 January, the date alleged in the indictment, the trial court erred in submitting the question of defendant's guilt of felonious possession on the date charged in the indictment rather than the date shown by the evidence, since the instruction permitted the jury to convict defendant of possession on a date about which there was no evidence and deprived defendant of the benefit of his alibi because it allowed the jurors to convict even if they believed defendant's alibi for the date on which the State's evidence shows possession occurred.

State v. Currie

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 5 July 1979 in Superior Court, DUPLIN County. Heard in the Court of Appeals 15 May 1980.

Defendant was indicted for felonious larceny of a 1977 Model Evans Low-Boy Equipment Trailer owned by Bizzelle David Johnson and valued at $13,000 and for felonious possession of said trailer on 21 January 1979 in Duplin County. The original indictment identified the trailer as a 1978 model owned by Nash Johnson and Sons Farms, Inc. A jury found defendant guilty of felonious possession of stolen property, and he was sentenced to a term of not less than 6 nor more than 8 years to be suspended for 5 years on the following conditions: that defendant be placed on probation for 5 years and that he pay certain fines and restitution.

At trial the State presented evidence which tended to show that on or about 20 January 1979, a trailer belonging to Bizzelle Johnson and valued at approximately $14,000 was stolen from behind his office building in Rose Hill. He recovered the trailer in the latter part of February 1979 from C.M. Lindsay in a town outside Lumberton, North Carolina. The recovery was facilitated by information obtained from Pete Williamson, who was paid a $500 reward by Johnson.

Williamson testified that in the latter part of February 1979, defendant told him that he had an Evans Low-Boy Trailer for sale. When Williamson later asked defendant if he had sold the trailer, defendant told him he had sold it to Lindsay. Williamson admitted that he never saw the trailer in defendant's possession.

William Powell testified that around 1 January 1979, defendant told him that he might have a Low-Boy trailer for sale later in the month. Around 1 February 1979 defendant told Powell he had a 40-foot trailer. About a week later Powell and Lindsay rode with defendant to see the trailer. The next day defendant and Powell met with Lindsay in Lumberton. At that time Lindsay made a check out to J. & P. Salvage Company, Powell's business, for $2,500 in return for the trailer. The check was dated 19 February 1979. Powell then gave defendant $2,500 in cash.

Lindsay testified that on 18 February 1979 he viewed the trailer with defendant at the intersection of Highways No. 87 and 74, a place about 16 miles from Wilmington. Defendant told him that he wanted $5,000. Lindsay agreed to pay $4,500. The next day Lindsay picked the trailer up. He drew a check for $2,500 and planned to pay the balance to Powell when he received title. Lindsay testified that he traded the trailer with Powell and never saw defendant get any money. On redirect, Lindsay stated that he was led to believe that defendant owned the trailer.

Defendant then presented the testimony of the Chairman of the Columbus County Board of Education and another man, who both testified that from 7:00 a.m. on 20 January 1979 until 9:00 p.m. on 21 January 1979 they accompanied defendant on a trip to Elbing Park near Beech Mountain and back.

Defendant himself testified as to said trip. He further testified that when he returned home at 9:00 p.m. on 21 January 1979 he spent the night with his wife; that he remembered talking with Williamson at D.P. Currie's Grocery only about high-sided trailers; that on 20 February 1979 he, Powell and a man named Harry Stone drove to Lumberton; that he was not aware of the check drawn by Lindsay until he was shown a copy by Officer Baysden; that on 18 February 1979 he spent the day with his daughter playing in the snow and that he never received any money for Johnson's trailer. Defendant's wife and daughter corroborated his testimony. Defendant then presented testimony of his good character and reputation.

On rebuttal the State presented two witnesses who testified that during the discussion at Currie's Grocery, they heard defendant say that he knew where there was a Low-Boy trailer.

*Attorney General Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

*Ralph G. Jorgensen for defendant appellant.*

MARTIN (Robert M.), Judge.

State v. Currie

[1] Defendant contends the court erred in failing to require the State to prove that defendant had possession of the stolen trailer in Duplin County on 21 January 1979 as charged in the indictment. Defendant argues that a nonsuit should have been granted on the ground that there was no proof that defendant possessed the stolen trailer in Duplin County on 21 January 1979 and that defendant was not connected with the trailer until 18 February 1979 in Columbus County and 19 February 1979 in Robeson County.

A fatal variance between the indictment and the proof is properly raised by motion for judgment of nonsuit. *State v. Cooper*, 275 N.C. 283, 167 S.E. 2d 266 (1969). As to the variance in the time of the offense, where time is not of the essence of the offense charged and the statute of limitations is not involved, a discrepancy between the date in the indictment and the date shown by the State's evidence is ordinarily not fatal. G.S. 15-155; G.S. 15A-924 (a)(4); *State v. Locklear*, 33 N.C. App. 647, 236 S.E. 2d 376, *cert. denied*, 293 N.C. 363, 237 S.E. 2d 851 (1977); 7 Strong's N.C. Index 3d, Indictment and Warrant § 17.3 (1977).

[T]he time named in a bill of indictment is not usually an essential ingredient of the crime charged, and the State may prove that it was in fact committed on some other date. (Citations omitted). But this salutary rule, preventing a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately present his defense.

*State v. Whittemore*, 255 N.C. 583, 592, 122 S.E. 2d 396, 403 (1961).

In the present case, defendant presented an alibi defense relating to 21 January 1979, the date charged in the indictment. Defendant also presented an alibi defense relating to 18 February 1979, the date shown by the State's evidence on which defendant was in possession of the trailer. Therefore, as in *Locklear, supra*, it is evident defendant did not rely on the date charged in the indictment. The variation in the State's evidence neither deprived defendant of his right adequately to present

his defense nor ensnared defendant in any way. Under these circumstances, the variance between the date in the indictment and that shown by the evidence is not prejudicial.

Similarly, we find no merit in defendant's contention that he was entitled to dismissal because the indictment charged that the possession occurred in Duplin County but the proof indicated possession, if any, occurred in Columbus County. The court takes judicial notice that the intersection of Highways 87 and 74 is in Columbus County. "Where an indictment alleges the particular place where an act took place, and such allegation is not descriptive of the offense, and is not required to be proved as laid in order to show the court's jurisdiction ... a variance which does not mislead accused or expose him to double jeopardy is not material." *State v. Martin,* 270 N.C. 286, 288, 154 S.E. 2d 96, 98 (1967), quoting 42 C.J.S., Indictments and Informations, § 256. In the present case, the allegation in the indictment as to place was not descriptive of the offense of felonious possession of stolen property. The bill of indictment contained a specific description of the stolen property which was identified with sufficient particularity as to enable defendant to prepare his defense. Defendant as shown above was not misled by the allegation of possession in Duplin County.

Moreover, in order to sustain a conviction it is not necessary for the State to prove that the crime occurred in the county where the indictment was drawn. *State v. Ray,* 209 N.C. 772, 184 S.E. 2d 836 (1936). We are not unmindful of G.S. 15A-924 (a)(3) which requires a criminal pleading to contain a statement or cross reference in each count indicating that the offense charged therein was committed in a designated county. We, however, believe that in a criminal pleading, the statement of the county where the charged offense occurred is essentially one of venue. G.S. 15A-135 provides: "Allegations of venue in any criminal pleading become conclusive in the absence of a timely motion to dismiss for improper venue under G.S. 15A-952." The question of venue was not timely raised by defendant's motion to dismiss made at the close of the State's evidence and the allegations of venue became conclusive under G.S. 15A-135. *State v. Morrow,* 31 N.C. App. 654, 230 S.E. 2d 568 (1976). Thus, if the offense of possession had not been committed

in Duplin County, defendant waived his objection by not making a timely motion to dismiss for improper venue.

[2] Defendant further contends that the court erred in failing to instruct the jury that in order to convict the defendant of felonious possession of stolen property under the indictment the possession had to be in Duplin County on 21 January 1979. No such instruction was required as to Duplin County. As above noted the allegation of venue contained in the indictment became conclusive. *State v. Morrow, supra.* The judge's charge on the elements of felonious possession of stolen goods followed that in N.C.P.I. — Crim. 216.47 and correctly set forth the elements of that offense. In his final mandate, however, the judge went on to instruct the jury as follows:

> So, I charge that if you find from the evidence and beyond a reasonable doubt that the 1977 Evans Low-Boy trailer was stolen ... and that on or about January 21, 1979, Wayland D. Currie, the defendant, possessed this Low Boy trailer ... it would be your duty to return a verdict of guilty of felonious possession of stolen goods.

While not required to charge on the date of the offense, in so doing, the court submitted the question of defendant's guilt on the date charged in the bill of indictment rather than the date as shown by the evidence. *State v. Overcash,* 182 N.C. 889, 109 S.E. 2d 626 (1921). The evidence conclusively shows that if the defendant possessed the property it was on 18 February 1979. There is no evidence defendant possessed the trailer on or about 21 January 1979. This instruction permitted the jury to disregard the evidence that the offense occurred on 18 February 1979, which was the only evidence of when any offense occurred, and convict defendant of possession on 21 January 1979, about which there was no evidence. It deprived defendant of the benefit of his alibi because it allowed jurors to convict even if they believed defendant's alibi for the date on which the State's evidence shows possession occurred. *State v. Poindexter,* 21 N.C. App. 720, 205 S.E. 2d 145 (1974).

It is not necessary for us to consider defendant's first assignment of error as it may not occur on a new trial.

---

New trial.

Judges ARNOLD and WELLS concur.