State v. Gardner

STATE OF NORTH CAROLINA v. ROGER LEE GARDNER

No. 8618SC514

(Filed 17 March 1987)

1. Indictment and Warrant § 3; Receiving Stolen Goods § 2— theft in Guilford County—goods received in Davidson County—indictment in Guilford County proper

Where the uncontroverted evidence was that a theft took place in Guilford County and receipt of the stolen goods took place in Davidson County, pursuant to N.C.G.S. § 14-71, defendant could be indicted in Guilford County for receiving stolen goods because the thief could also be indicted there.

2. Receiving Stolen Goods § 2— sufficiency of indictment

An indictment charging defendant with receiving stolen goods met the requirements of N.C.G.S. § 15A-924 where it alleged that defendant "unlawfully, willfully and feloniously did receive [certain property specifically described] having reasonable grounds to believe the property to have been feloniously stolen, taken and carried away," and facts supporting each element of the offense were set out so as reasonably to apprise defendant of the conduct which was the subject of the accusation.

3. Receiving Stolen Goods § 2— place of receipt improperly alleged—indictment not fatally flawed

There was no merit to defendant's contention that because the indictment alleged that the receipt of stolen goods took place in Guilford County rather than in Davidson County, the indictment was fatally flawed. N.C.G.S. 15A-924(a)(3).

4. Criminal Law § 15— receiving stolen goods—venue—which statute controls

For purposes of determining venue for the offense of feloniously receiving stolen property, N.C.G.S. § 14-71 supersedes the general venue provisions of Article 3 of the Criminal Procedure Act, since § 14-71 deals with specific subject matter, and the more specific statute controls over a general one; in the same year that conflicting provisions of the statutes became effective, the legislature looked at, changed, but deleted none of § 14-71; and though the Criminal Procedure Act included language repealing all statutes in conflict with its provisions, such repealer was not operative where an arguably conflicting statute was subsequently scrutinized and amended.

Judge BECTON dissenting.

APPEAL by defendant from Long (James M.), Judge. Judgment entered 21 November 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 October 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sylvia Thibaut, for the State.*

*Ferguson, Stein, Watt, Wallas & Adkins, P.A., by Adam Stein and C. Richard Tate, Jr., for defendant appellant.*

ORR, Judge.

On 10 December 1984, defendant was indicted for and later convicted of the offense of receiving stolen property in two separate bills by a grand jury sitting in Guilford County. The fact was uncontested that three individuals had feloniously stolen certain personal property from a household in Guilford County in early November of 1984. The thieves brought at least some of this property to defendant's place of business in Davidson County, "The Gold and Silver Shop."

The indictments both charged that:

> on or about the date of offense shown [5 November 1984] and in the county named above [Guilford County] the defendant named above [Roger Lee Gardner] unlawfully, willfully and feloniously did receive and have . . . the personal property of Janet Cecil . . . having reasonable grounds to believe the property to have been feloniously stolen, taken, and carried away.

[1]   Defendant first argues that the Guilford County Grand Jury had no power to return an indictment for a crime committed in another county. Defendant filed a timely pretrial motion to dismiss the indictments based upon his contention that "[n]o act or omission to act constituting any part of the offense charged occurred in Guilford County. All of the acts alleged in the warrants, if said acts took place at all, took place at the defendant's place of business, The Gold and Silver Shop [,] which is located . . . in Davidson County." Defendant's motion was denied.

In essence, defendant contends that the Guilford County Grand Jury did not have jurisdiction. "At common law a grand jury had jurisdictional power to indict only for crimes committed within the county in which it convened. *State v. Randolph*, 312 N.C. 198, 321 S.E. 2d 864 (1984); *State v. Mitchell*, 202 N.C. 439, 163 S.E. 581 (1932). The legislature has power to extend the grand

jury's power beyond the territorial limitation imposed by the common law . . . ." *State v. Flowers*, 318 N.C. 208, 213, 347 S.E. 2d 773, 777 (1986).

In this case, *sub judice*, the indictment returned by the Guilford County Grand Jury alleged that the offense of receiving stolen goods had occurred in Guilford County. The uncontroverted evidence was that, in fact, the receipt of the stolen goods took place in Davidson County. Only the theft took place in Guilford County.

Absent a particular statute conferring jurisdiction on Guilford County under the facts of this case, the defendant's motion to dismiss would have been well taken. However, N.C.G.S. § 14-71, dealing with "Receiving Stolen Goods," states in part: ". . . and any such receiver may be dealt with, *indicted*, tried and punished . . . in any county in which the thief may be tried . . . ." (Emphasis added.) Thus, the legislature has empowered grand juries to indict persons for receiving stolen goods in any county in which the thief may be tried. The evidence was uncontradicted that the theft took place in Guilford County. It follows that the defendant could be indicted in Guilford County for receiving the stolen goods because the thief could also be indicted there.

[2] We now address whether the indictment was sufficient to meet the requirements of N.C.G.S. § 15A-924. The requirements of N.C.G.S. § 15A-924 mandate that a criminal pleading contain, *inter alia*, "facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (1983). "Every defendant has the constitutional right to be informed of the accusation against him and the . . . indictment must set out the charge with such exactness that he can have a reasonable opportunity to prepare his defense . . . ." *State v. Rogers*, 273 N.C. 208, 211, 159 S.E. 2d 525, 527 (1968).

The elements of receiving stolen goods are: (1) the receipt or concealment of property; (2) stolen by another; (3) knowing, or with reasonable grounds to believe, that it was stolen; and (4) with a dishonest purpose. *See* N.C.G.S. § 14-71 (1986); *State v.*

*Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); *State v. Haywood*, 297 N.C. 686, 256 S.E. 2d 715 (1979).

The indictments in the case *sub judice* clearly met the test set out in N.C.G.S. § 15A-924. The indictments allege that the defendant "unlawfully, willfully and feloniously did receive [certain property specifically described] having reasonable grounds to believe the property to have been feloniously stolen, taken and carried away." Facts supporting each element of the offense are set out so as to reasonably apprise defendant of the conduct which is the subject of the accusation.

[3] Defendant contends that because the indictment alleges that the receipt took place in Guilford County rather than in Davidson County, the indictment is fatally flawed. We disagree. The location of the receipt of stolen goods is not an element of the offense and as such, a variance between the allegations in the indictment and proof at trial will not be fatal. *State v. Currie*, 47 N.C. App. 446, 267 S.E. 2d 390, *cert. denied*, 301 N.C. 237, 283 S.E. 2d 134 (1980).

N.C.G.S. § 15A-924(a)(3) requires that the indictment must allege "that the offense charged therein was committed in a designated county," a requirement which existed at common law. *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977). Defendant contends the trial court should have dismissed the indictment because the allegation stated the crime took place in Guilford when in fact it took place in Davidson.

The purpose behind requiring that the county in which the offense took place be alleged is obviously to establish a basis for jurisdiction and venue. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968) (jurisdiction); *State v. Haywood*, 297 N.C. 686, 256 S.E. 2d 715 (1979) (venue). The indictment in the case *sub judice* technically complies with N.C.G.S. § 15A-924(a)(3) in that it alleges that the crime took place in Guilford County. The fact that the evidence proved that the crime took place in Davidson County rather than Guilford County, can only be fatal if the variance affected jurisdiction or venue. We have previously determined that the grand jury had jurisdiction, despite the variance. We now address the issue of venue.

Venue is different from jurisdiction. As pointed out in *State v. Flowers*, 318 N.C. 208, 347 S.E. 2d 773 (1986), venue is "the

location of the tribunal where a defendant may be compelled to stand trial. Venue becomes an issue, however, only after a grand jury has determined that probable cause to go forward with criminal proceedings against an accused exists." 318 N.C. at 215, 347 S.E. 2d at 778.

[4]  Defendant's final contention is that the venue provisions of Article 3 of the Criminal Procedure Act do not permit venue in Guilford County for receipt of stolen goods occurring in Davidson County. Defendant further argues that N.C.G.S. § 14-71 which would allow venue in such circumstances has been supplanted by the venue provisions of Article 3. We disagree.

For purposes of determining venue for the offense of feloniously receiving stolen property, we hold that N.C.G.S. § 14-71 supersedes the general venue provisions.

Three reasons based on the principles of statutory construction convince us that N.C.G.S. § 14-71 is still viable for determining venue. First, the older section deals with specific subject matter and is not a general venue statute. Unless the General Assembly clearly intended to make the general act controlling, the more specific statute will control. "It is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application." *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E. 2d 663, 670 (1969).

Second, the rule of specific provisions controlling general ones "is true *a fortiori* when the special act . . . [is] later in point of time." *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 629, 151 S.E. 2d 582, 586 (1966). The general venue provisions of the Criminal Procedure Act became law in 1973 and were most recently amended in 1983. The amendment itself did not affect language in that section positing that venue lies in the county where the charged offense occurred. Statutory provisions specifically addressing the indictment and trial of those accused of receiving stolen goods have been codified as N.C.G.S. § 14-71 since 1943. However, these provisions were most recently amended in 1975, the same year in which the Criminal Procedure Act, which includes N.C.G.S. § 15A-131(c), became effective.

Although the *Food Stores* rule of recency does not technically apply to this chronology, the reasoning behind the rule does: in the same year conflicting provisions became effective, the legislature looked at N.C.G.S. § 14-71, made certain changes in it, but deleted none of it. "It is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658, 174 S.E. 2d 793, 804 (1970). And, because at the time it passed N.C.G.S. § 15A-131(c), the General Assembly did not overtly modify or expunge N.C.G.S. § 14-71, we can assume it did not intend to do so. "Courts will not presume that the legislature intended a repeal by implication . . . ." *Id.* at 658, 174 S.E. 2d at 804; *Person v. Garrett, Comr. of Motor Vehicles*, 280 N.C. 163, 184 S.E. 2d 873 (1971). In addition, the cross reference in N.C.G.S. § 15A-131 specifically refers the readers to N.C.G.S. § 14-71.

Third, although the Criminal Procedure Act included language repealing all statutes in conflict with its provisions, 1973 N.C. Sess. Laws ch. 1286, § 26, we do not consider this repealer operative where an arguably conflicting statute has since been scrutinized and amended.

We thus conclude that the trial court correctly denied defendant's motions to dismiss and we accordingly find

No error.

Judge WELLS concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Were I a legislator I could endorse wholeheartedly the "what ought to be the law" rule that permeates the majority's decision. After all, cogent policy reasons favor a rule that requires the receiver of stolen goods, not the victim whose goods are stolen, to travel to any county where the thief may be tried. But I am bound by the rules of law that courts should interpret the law, not legislate, and that criminal statutes are to be strictly construed against the State. Consequently, believing that the general venue provisions in G.S. Sec. 15A-131 supersede the specific

venue provisions in our "Receiving Stolen Goods" statute, and further, that in any event, there exists in this case a fatal variance between the allegations in the indictments and the proof at trial, I dissent.

First, in my view, the majority has improperly applied the "rule of recency" stated in *Food Stores v. Board of Alcoholic Control, ante* p. 620. The specific venue provisions in G.S. Sec. 14-71 are not more recent in time merely because that statute has been amended since the Criminal Procedure Act was passed. The majority's reasoning is unconvincing because the 1975 amendments to G.S. Sec. 14-71 did not involve the portion of the statute relating to venue, and we thus may not assume that the legislature's scrutiny extended to those provisions.

A direct conflict exists between G.S. Sec. 14-71 which extends venue for receiving goods to counties where the goods are possessed, or where the thief may be tried, and G.S. Sec. 15A-131 which expressly limits venue "[e]xcept as otherwise provided in this subsection" to "the county where the charged offense occurred. . . ." Significantly, G.S. Sec. 15A-131 contains no exception for "receiving stolen goods" cases. Moreover, the Criminal Procedure Act specifically provides: "All laws and clauses of laws in conflict with this Act are hereby repealed." 1973 N.C. Sess. Laws c. 1286, s.30. In *Nytco Leasing Co. v. Southeastern Motels*, 40 N.C. App. 120, 252 S.E. 2d 826 (1979), this Court relied upon an identical general repealer in holding that Rule 32 of the Rules of Civil Procedure regarding the use of depositions at trial took precedence over an older, conflicting statute, G.S. Sec. 8-83, *despite* the fact that G.S. Sec. 8-83 had not been explicitly repealed. In my view, once the legislature has unambiguously stated its intent to repeal conflicting statutes, we cannot require continuous legislature re-expression of that intent by demanding that every amendment thereafter to any affected statute explicitly delete or modify the previously supplanted portions.

Second, regardless of which venue statute controls this case, the indictment must correctly allege the facts that establish venue. Admittedly the indictments here are valid on their faces since a Guilford County grand jury alleged that the goods were received in Guilford County. *See State v. Vines*, 317 N.C. 242, 345 S.E. 2d 169 (1986). However, since all the evidence shows that the

receiving occurred in Davidson County and that the theft occurred in Guilford County, the indictments cannot stand. Although the location of the crime is not an element of the offense, *ante* p. 619, I believe the requirement that an indictment allege that the offense was committed in a designated county is intended to provide adequate notice to the defendant of the facts relied upon by the State to establish the grand jury's power to indict in that location as well as to more "clearly . . . apprise the defendant . . . of the conduct which is the subject of the accusation," G.S. Sec. 15A-924(a)(5), *ante* p. 618, so that he may properly prepare his defense.

Because the cases in which venue exists in a county other than where the alleged crime occurred are rare, accuracy in alleging the facts that establish venue in such cases is especially important. Here the State failed to allege that the "thief" stole the property or could otherwise be tried in Guilford County so as to come within the special venue provision of G.S. Sec. 14-71 upon which the State relies. In my view, the State may not allege one set of facts in the indictment to establish venue and rely upon another at trial, even if venue would exist under either set of facts.

Based on the foregoing, I vote to reverse.