STATE OF NORTH CAROLINA v. MICHAEL TODD BROWN

No. 8615SC846

(Filed 5 May 1987)

1. **Receiving Stolen Goods § 6— possession of stolen property to sell—instruction on dishonest purpose**

   In a prosecution for possession of stolen property, the trial court's instruction that possessing stolen chain saws for the purpose of selling them and keeping the money would be a dishonest purpose did not erroneously create a mandatory conclusive presumption and relieve the State of the burden of proving the element of the offense that defendant acted with a dishonest purpose.

2. **Indictment and Warrant § 3; Receiving Stolen Goods § 2— possession of stolen goods—theft in another county—indictment in county of theft**

   The Orange County Grand Jury had authority under N.C.G.S. § 14-71.1 to indict defendant for possession of stolen property where the theft occurred in Orange County although defendant was seen in possession of the stolen property only in Alamance County. Furthermore, under N.C.G.S. § 14-71.1 the place for returning the indictment was a matter of venue, and defendant's objection to venue was waived by his failure to make a pretrial motion.

3. **Receiving Stolen Goods § 5.1— possession of stolen property—sufficient evidence**

   The State's evidence was sufficient to support defendant's conviction of felonious possession of stolen chain saws where it tended to show that three saws seen in defendant's possession had been stolen from the back of a pickup truck; the three stolen saws had a value of $1,500.00 and defendant was prepared to sell two of them for $125.00; and defendant was willing to admit that he was selling the saws only after he recognized the party with whom he was dealing and commented, "He's all right."

APPEAL by defendant from *Battle, Judge.* Judgment entered 27 March 1986 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 February 1987.

Defendant was indicted in Orange County for felonious larceny and felonious possession of stolen property. At trial, the evidence tended to show the following. On 23 October 1985, three large, red and black, "Sachdomar," chain saws were stolen from John Kenon, who had used them in his logging business. One of the saws had an "A" scratched on it to identify the particular employee to whom Mr. Kenon had assigned the saw. Three days later, Darrien Kenon, one of John Kenon's sons, and Luther Brown, who is apparently unrelated to defendant, stopped at a convenience store in Alamance County where defendant, who was with two others, was parked. Kenon and Brown approached defendant and asked if he was selling any saws. At first, defendant said that he was not. Then, recognizing Brown, defendant stated "[h]e's all right," opened the trunk of the car, showed Kenon and Brown two chain saws, and offered to sell them for $125.00. Both described the saws as large, red and black, "Sachdomar," chain saws, one of which had "A" scratched on it. Darrien Kenon testified that he had used both saws numerous times and positively identified them as the saws which were stolen three days earlier.

At the close of the State's evidence, defendant moved for the dismissal of both charges on the grounds of insufficient evidence and, alternatively, to dismiss on the charge of felonious possession of stolen property for improper venue. The trial court denied defendant's motions and asked the State to elect offenses. After the State elected to pursue the charge of felonious possession, the defendant rested without offering any evidence and renewed his motions. The trial court again denied defendant's motions and instructed the jury on the elements of felonious possession of stolen property. The jury returned a verdict of guilty.

*Attorney General Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender, Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for the defendant-appellant.*

EAGLES, Judge.

I

[1]  The elements of felonious possession of stolen property are (1) possession of personal property, (2) having a value of over $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) the possessor acting with a dishonest purpose. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); G.S. 14-71.1. On the last element of the offense, the trial court instructed as follows:

> And, fifth, that the defendant possessed these two chain saws with a dishonest purpose. Possession for the purpose of selling the saws and keeping the money would be a dishonest purpose.

Defendant contends that this amounts to a peremptory instruction on an essential element of the offense and is, therefore, violative of his constitutional rights to due process and trial by jury. We disagree.

It is well established that the State must prove beyond a reasonable doubt the existence of every essential element of the charged offense. *Patterson v. New York*, 432 U.S. 197, 53 L.Ed. 2d 28, 97 S.Ct. 2319 (1977); *State v. White*, 300 N.C. 494, 268 S.E. 2d 481, *reh'g denied*, 301 N.C. 107, 273 S.E. 2d 443 (1980). Therefore, the trial court may not give an instruction which creates a mandatory, conclusive presumption, thereby relieving the State of its burden of persuasion, on any element of the offense. *Id.; see also Francis v. Franklin*, 471 U.S. 307, 85 L.Ed. 2d 344, 105 S.Ct. 1965 (1985); *State v. Torain*, 316 N.C. 111, 340 S.E. 2d 465, *cert. denied*, --- U.S. ---, 93 L.Ed. 2d 77, 107 S.Ct. 133 (1986). The instruction complained of here, however, does not violate those principles.

In *State v. Torain, supra*, our Supreme Court held that the trial court, instructing on the elements of first degree rape where the defendant was charged with having employed or displayed "a dangerous or deadly weapon," did not err in instructing the jury that the utility knife used by the defendant was a dangerous or deadly weapon. Reaffirming prior cases, the court held that, where the alleged weapon and the manner of its use were of such a character as to admit to but one conclusion, the question of whether it was dangerous or deadly was one of law, not of fact. The court said that this did not relieve the State of its burden of persuasion on that element of the offense because, in such a case,

the nature of the weapon was not an element of the offense. Instead, the court held that the question of fact within the element of the offense was whether the defendant employed or displayed the weapon found to be dangerous or deadly as a matter of law. *Id.* at 122, 340 S.E. 2d at 471-472.

Similarly here, instructing that possessing the stolen property for the purpose of selling it and keeping the proceeds would be a dishonest purpose did not relieve the State of its burden of showing that defendant acted with a dishonest purpose. We agree with defendant that whether someone is acting with a dishonest purpose is a question of intent. *See State v. Parker,* 316 N.C. 295, 341 S.E. 2d 555 (1986). Consequently, the question is for the jury, not the court. *See State v. Ray,* 12 N.C. App. 646, 184 S.E. 2d 391 (1971), *cert. denied,* 281 N.C. 316, 188 S.E. 2d 900 (1972). We disagree, however, with defendant's characterization of the trial court's instruction as a peremptory instruction on the question of his intent. The effect of the trial court's instruction was to charge the jury that it was their duty to find that defendant acted with a dishonest purpose if, knowing or having reasonable grounds to believe the property was stolen, he possessed the saws with the intent to sell them and keep the proceeds. This instruction served only to define, not decide, the question of defendant's intent. Whether selling stolen property and keeping the proceeds is a dishonest purpose is a question of law. The question of fact within that element of the offense is whether defendant possessed the stolen property with the intent to sell it and keep the proceeds. The court's instruction properly left that question for the jury.

## II

[2] Defendant next contends that we should arrest his conviction because the Orange County grand jury had no jurisdiction to indict him. All the evidence showed that, while the theft occurred in Orange County, defendant was seen in possession of the stolen property only in Alamance County. Citing the common law rule that only the county where the offense occurred had jurisdiction to indict, defendant argues that only Alamance County had jurisdiction. We disagree.

While defendant correctly states the common law rule, *see State v. Randolph,* 312 N.C. 198, 321 S.E. 2d 864 (1984), G.S. 14-71.1 provides differently. It states, in pertinent part, that a defendant charged with felonious possession of stolen property:

> May be dealt with, indicted, tried and punished in any county
> in which he shall have, or shall have had, any such property
> in his possession or in any county in which the thief may be
> tried, in the same manner as such possessor may be dealt
> with, indicted, tried and punished in the county where he ac-
> tually possessed such chattel, money, security, or other thing;
> G.S. 14-71.1.

The statute was enacted to protect the state in cases when, at
trial, it could not establish the elements of larceny or breaking
and entering but could prove the defendant's possession of the
stolen property. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810
(1982). Therefore, while the legislature did not intend to convict
and punish a defendant for both the larceny and possession of the
stolen property, it did intend to allow indictment and trial on
both charges. *Id.* G.S. 14-71.1 thus confers jurisdiction and venue
on the county where defendant possessed the property or where
it was stolen. *See State v. Gardner*, 84 N.C. App. 616, 353 S.E. 2d
662 (1987) (interpreting the similar provision contained in G.S.
14-71). Defendant was properly indicted and tried in Orange Coun-
ty.

Alternatively, we note that the enactment of G.S. 15A-631
has changed the common law rule regarding a county's jurisdic-
tion to indict. G.S. 15A-631 states that "the place for returning a
presentment or indictment is a matter of venue, not jurisdiction."
Defendant cites *State v. Paige*, 316 N.C. 630, 343 S.E. 2d 848
(1986) and argues that G.S. 15A-631 does not apply where there is
a variance between the county of indictment and the county
which the proof at trial shows is the actual place of the offense. In
*Paige*, the court applied the common law rule and held that a var-
iance between the indictment and the proof at trial regarding the
county of the offense rendered the indicting county without juris-
diction. Defendant's reliance on *Paige* is misplaced. Although
*Paige* was decided after the effective date of G.S. 15A-631, its
holding was specifically predicated on the fact that the indictment
at issue was returned before that date. *See also State v. Flowers*,
318 N.C. 208, 347 S.E. 2d 773 (1986). *Paige* is, therefore, inap-
plicable.

Therefore, even if G.S. 14-71.1 were not dispositive here,
under G.S. 15A-631 the variance was a problem of venue. Ques-
tions of venue however are waived by the failure to make a pre-
trial motion, even if the problem of venue arises from a variance

between the indictment and the proof at trial. *See State v. Paige, supra; State v. Haywood,* 297 N.C. 686, 256 S.E. 2d 715 (1979). *But see United States v. Melia,* 741 F. 2d 70 (4th Cir. 1984), *cert. denied,* 471 U.S. 1135, 86 L.Ed. 2d 693, 105 S.Ct. 2674 (1985) (applying federal law and stating that a pretrial motion for change of venue need be made only where defect is apparent on the face of the indictment).

Moreover, the variance asserted here does not make the indictment defective on due process grounds. Not every variance between an indictment and the proof at trial is fatal. *State v. Furr,* 292 N.C. 711, 235 S.E. 2d 193, *cert. denied,* 434 U.S. 924, 54 L.Ed. 2d 281, 98 S.Ct. 402 (1977). A variance regarding the place of the crime is not material where it is not descriptive of the offense, is not required to be proven as laid to show the court's jurisdiction, and does not mislead the defendant or expose him to double jeopardy. *State v. Martin,* 270 N.C. 286, 154 S.E. 2d 96 (1967). Therefore, where a defendant is charged with felonious possession of stolen property, is indicted in one county, and proof of the offense indicates that it occurred in another county, the variance is not material. *State v. Currie,* 47 N.C. App. 446, 267 S.E. 2d 390, *disc. review denied,* 301 N.C. 237, 283 S.E. 2d 134 (1980), *overruled on other grounds* in *State v. Randolph, supra.*

III

[3]   Finally, defendant contends that the trial court erred in denying his motion to dismiss since the evidence was insufficient to show that the saws were stolen or that he knew or had reasonable grounds to know that they were stolen. We disagree. Upon a motion to dismiss, the trial court must decide, viewing the evidence in the light most favorable to the State and giving the State the benefit of every reasonable inference which might be drawn from the evidence, whether there is substantial evidence of each element of the offense. *State v. Brown,* 310 N.C. 563, 313 S.E. 2d 585 (1984). An examination of the record reveals substantial evidence on both elements.

The owner of the saws testified that he left the saws in the back of his pickup truck, which he parked in a shed at his mother's house; that when he returned the saws were missing; and that he had not authorized anyone to take them. Moreover, three witnesses testified that defendant was in possession of chain saws of the same description as the ones stolen. One of those witnesses established that he was familiar with the stolen

saws and positively identified the ones in defendant's possession as the ones stolen. That evidence is sufficient to establish that the saws seen in defendant's possession were stolen.

Whether the defendant knew or had reasonable grounds to believe that the saws were stolen must necessarily be proved through inferences drawn from the evidence. *State v. Allen*, 45 N.C. App. 417, 263 S.E. 2d 630 (1980). The evidence showed that the three stolen saws had an approximate value of $1,500.00 and that defendant was prepared to sell two of them for $125.00. The fact that a defendant is willing to sell property for a fraction of its value is sufficient to give rise to an inference that he knew, or had reasonable grounds to believe, that the property was stolen. *State v. Haywood, supra.* In addition, the evidence showed that defendant was willing to admit that he was selling the saws only after he recognized who he was dealing with and commented that "[h]e's all right." This is sufficient to enable the question of defendant's knowledge that the property was stolen to go to the jury.

No error.

Judges WELLS and GREENE concur.