STATE OF NORTH CAROLINA
v.
ALTON LYNN LASH.
No. COA07-920
North Carolina Court of Appeals
Filed January 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kimberley A. D'Arruda, for the State.
Peter Wood, for defendant-appellant.
TYSON, Judge.
Alton Lash ("defendant") appeals from judgment entered after a jury found him to be guilty of possession of stolen goods pursuant to N.C. Gen. Stat. § 14-71.1. We find no error.

I. Background

A. State's Evidence
On 19 December 2005, Sarah Howell's ("Howell") residence was broken into and several items were stolen. Greensboro Police Officer L.G. Wilson ("Officer Wilson") responded to the breaking and entering call. Mr. William Davis ("Davis"), Howell's brother, indicated to Officer Wilson that the intruder had broken into the residence through the back door and the missing items included: (1) a Hoover vacuum cleaner; (2) a portable RCA radio; (3) a circular saw; (4) a cordless drill; (5) a toolbox; and (6) various hand tools.
While Officer Wilson was writing his report, an anonymous "passer-by" stated to Officer Wilson "he knew the guy that had done it, or knew the street name of the guy who had done it _ broken into the house." Officer Wilson subsequently went to a residence located at 410 Andrew Street to recover the property. Officer Wilson knocked on the door and defendant answered. Officer Wilson explained to defendant that a break-in and a larceny had occurred on Vance Street. Officer Wilson asked defendant if he knew anything about it. Defendant stated that he had purchased a vacuum cleaner from an unknown man earlier that day for the price of $15.00.
Officer Wilson retrieved the vacuum cleaner from defendant and contacted Davis. Five to ten minutes later, defendant emerged from his residence with the stolen RCA radio. Defendant had not previously mentioned that he was in possession of this item. Defendant told Officer Wilson that he had paid $5.00 for the radio.
On 20 December 2005, Detectives Benjamin Mitchell ("Detective Mitchell") and Steven Flowers ("Detective Flowers") were assigned to this breaking and entering case. After two unsuccessful attempts to speak with defendant, Detectives Mitchell and Flowers began surveillance on defendant's residence on 15 February 2006. During the surveillance, Detective Mitchell observed various people carrying items into and out of defendant's residence. Detective Mitchell obtained a search warrant for defendant's residence and executed it on 16 March 2006. Detective Mitchell testified he recovered stolen property after he searched defendant's residence that included: (1) a hammer drill and 18-volt DeWalt batteries reported stolen from a larceny at Blaney Electric Company; (2) tin snips with the name of Bill Coley written in black across the handle reported stolen on 20 December 2004; (3) an orange sewer cable cleaning machine reported stolen on 28 January 2005; and (4) a Holy Bible reported stolen 4 July 2005 as part of a larceny of a motor vehicle. Defendant was arrested for possession of the stolen property he had received on 19 December 2005.

B. Defendant's Evidence
Alvis Horne ("Horne") testified on behalf of defendant. Horne testified that on 19 December 2005, he sold a Hoover vacuum cleaner and a portable RCA radio to defendant for a price of $20.00. Horne stated that he did not break into Howell's residence, but that someone had sold him the vacuum and radio "real cheap" and he "went and pawned it to [defendant] for . . . gas money." Horne testified that he had known defendant for "a few years."
On 2 May 2007, the jury found defendant to be guilty of felonious possession of stolen goods. The trial court determined defendant was a prior record level II offender and sentenced him to a minimum term of six months to a maximum term of eight months imprisonment. Defendant appeals.

II. Issue
Defendant argues the trial court erred by denying his motion to dismiss at the end of the State's evidence and at the close of all the evidence.

III. Standard of Review
This Court has stated:
The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.
State v. Wood, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

IV. Motions to Dismiss
Defendant argues the trial court erred by denying his motions to dismiss at both the end of the State's evidence and at the close of all the evidence. We disagree.

A. Motion at the Close of the State's Evidence
Defendant waived his right to challenge the denial of his motion to dismiss at the close of the State's evidence by introducing testimonial evidence at trial. State v. Evangelista, 319 N.C. 152, 159, 353 S.E.2d 375, 381 (1987) (citation omitted). This assignment of error is overruled.

B. Motion at the Close of All the Evidence
"The essential elements of possession of stolen property are: (1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose." State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citing N.C. Gen. Stat. §. 14-71.1, -72). Defendant concedes that "he possessed the property, that the property was stolen and that the [] merchandise was the fruit of an illegal breaking and entering." Defendant argues the State presented insufficient evidence that tended to show he knew or had reasonable grounds to believe the property was stolen and that he was acting with a dishonest purpose.

1. Reasonable Grounds
This Court has stated, "[w]hether the defendant knew or had reasonable grounds to believe that the [property was] stolen must necessarily be proved through inferences drawn from the evidence. State v. Brown, 85 N.C. App. 583, 589, 355 S.E.2d 225, 229 (citation omitted), disc. rev. denied, 320 N.C. 172, 358 S.E.2d 57 (1987).
"[A] defendant-seller's knowledge or reasonable grounds to believe that property was stolen can be implied from his willingness to sell the property at a mere fraction of its actual value. Such knowledge or reasonable belief can also be implied where a defendant-buyer buys property at a fraction of its actual cost.

State v. Parker, 316 N.C. 295, 304, 341 S.E.2d 555, 560 (1986) (emphasis supplied). Here, Defendant's evidence showed he purchased both the Hoover vacuum cleaner and the RCA radio for a total of $20.00. Howell testified the approximate purchase price of the Hoover vacuum cleaner alone was "$249.00 plus tax." The purchase price of the RCA radio is unknown. Defendant's knowledge or reasonable belief that the property was stolen could be implied by his purchase of the property at "a fraction of its actual cost." Id. Viewed in the light most favorable to the State, sufficient evidence was presented that tended to show defendant knew or had reasonable grounds to believe the property was stolen.

2. Dishonest Purpose
Our Supreme Court has stated:
[T]he "dishonest purpose" element of the crime of possession of stolen property can be met by a showing that the possessor acted with an intent to aid the thief, receiver, or possessor of stolen property. The fact that the defendant does not intend to profit personally by his action is immaterial. It is sufficient if he intends to assist another wrongdoer in permanently depriving the true owner of his property.
Id. at 305-06, 341 S.E.2d at 561.
The State presented evidence that tended to show: (1) defendant purchased the stolen property at a fraction of its original cost; (2) defendant initially told Officer Wilson he did not know the man from whom he bought the stolen property, yet Horne testified he had known defendant for "a few years;" (3) after defendant agreed to purchase the stolen property, he stated to Horne, "he stayed away from the trouble on Vance Street;" (4) defendant did not initially indicate to Officer Wilson he was in possession of the stolen radio; and (5) defendant turned the stolen property over to police only after Officer Wilson inquired into the whereabouts of the property.
Viewed in the light most favorable to the State, this evidence is sufficient to find defendant "intend[ed] to assist another wrongdoer in permanently depriving the true owner of his property."Id. We hold substantial evidence was presented to support the inference that defendant possessed the stolen property with a dishonest purpose. This assignment of error is overruled.

IV. Conclusion
Defendant waived his right to challenge the denial of his motion to dismiss at the close of the State's evidence by introducing testimonial evidence at trial. Evangelista, 319 N.C. at 159, 353 S.E.2d at 381. Viewed in the light most favorable to the State, sufficient evidence was presented to support the inference that defendant knew or had reason to know the property he had purchased was stolen and that defendant possessed the stolen property with a dishonest purpose. The trial court properly denied defendant's motions to dismiss. We find no error.
No Error.
Judges JACKSON and ARROWOOD concur.
Report Per Rule 30(e).