GLENN CARROLL, 'PETITIONER v. CITY OF KINGS MOUNTAIN, DEAN SPEARS, HOUSTON CORN, HOWARD SHIPP, MIKE BUTLER, JERRY MULLINAX, RODNEY GORDON, AND KEITH MILLER, IN THEIR CAPACITY AS CITY COUNCIL MEMBERS IN THE CITY OF KINGS MOUNTAIN, AND RICK MURPHREY IN HIS CAPACITY AS MAYOR FOR THE CITY OF KINGS MOUNTAIN, ROBERT BAZZLE, RESPONDENTS

No. COA07-1330

(Filed 7 October 2008)

**1. Zoning— request for change—residency**

There was competent evidence before a town council that a person requesting a zoning change for someone else's property (Bazzle) was a resident of the town even though he only listed a street address on the application.

**2. Zoning— application to change—time limit from prior rezoning**

A town council violated its zoning ordinance by considering an application to change a zoning map within the minimum time allowed from a previous change.

**3. Zoning— change—standard of review**

The trial court used the wrong standard of review when concluding that a town council's legislative actions in rezoning property were arbitrary and capricious.

Appeal by respondents from order entered 5 July 2007 by Judge Timothy L. Patti in Cleveland County Superior Court. Heard in the Court of Appeals 3 April 2008.

*Arthurs & Foltz, by Douglas P. Arthurs, for petitioner appellee.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson and David W. Aycock, for respondent appellants.*

*Corry & Luptak, by Clayward C. Curry, Jr., for City of Kings Mountain, respondent appellant.*

McCULLOUGH, Judge.

On 27 September 2005, after proper notice and a public hearing, the Kings Mountain City Council ("the Council") rezoned Glenn Carroll's ("Mr. Carroll") property located at 605 North Piedmont Avenue ("Mr. Carroll's property") to General Business ("GB"). There was no appeal or petition for judicial review filed with respect to the 27 September 2005 zoning of Mr. Carroll's property.

Less than a month after Mr. Carroll's property was zoned GB, on 17 October 2005, Robert Bazzle, a resident of Kings Mountain, filed an application with the Council, requesting that the Council amend the official Zoning Map of the City of Kings Mountain such that Mr. Carroll's property would be rezoned from GB to Residential ("R-8"). Mr. Bazzle listed his name, telephone number, and street address on the application form that he submitted to the Council, but he did not list a city or state on the address line. This request was scheduled for hearing on 31 January 2006, and notice of this hearing was published in the *Kings Mountain Herald* on 12 January 2006 and 19 January

2006. On 10 January 2006, Mr. Carroll filed a Protest Petition to Mr. Bazzle's request.

On 15 December 2005, new members of the Council were sworn in. On 17 January 2006, Steve Killian, the Planning Director for the City of Kings Mountain, on behalf of the City Planning and Zoning Board ("the Planning Board") sent a memorandum to Greg McGinnis, the City Manager, recommending the approval of Mr. Bazzle's rezoning request. The memorandum stated that the Planning Board's recommendation was based, in part, on the fact that the City's Land Development Plan called for a residential use rather than a business use in the area of Mr. Carroll's property.

Mr. Bazzle's rezoning request was presented for public discussion at an open meeting on 31 January 2006. Mr. Bazzle appeared at that meeting and is identified in the minutes of the meeting as residing at 901-2 Sterling Drive. Mr. Bazzle and Steve Killian acknowledged at the meeting that there had been no changes to Mr. Carroll's property since the 27 September 2005 zoning decision.

After the public hearing on Mr. Bazzle's request was closed, members of the Council discussed the matter further and voted to approve the request, by a count of 6 to 1.

On 27 February 2006, Mr. Carroll petitioned the trial court for judicial review and for a writ of certiorari. The trial court issued a writ of certiorari and heard the matter at the 29 March 2007 Session of Cleveland County Superior Court.

After a hearing on the matter, the trial court reversed the Council's decision to reclassify Mr. Carroll's property from GB to R-8, after concluding, *inter alia*:

2. That the City of Kings Mountain improperly considered Robert Bazzle's rezoning petition in violation of Article XIV Section 14.2(2)(c) of the Kings Mountain Zoning Ordinance by not requiring evidence that Robert Bazzle owned property or resided in the jurisdiction; therefore, the rezoning is null and void.

3. That the City of Kings Mountain improperly considered Robert Bazzle's rezoning petition, thereby circumventing the proper appeals process from the September 27, 2005 zoning decision; therefore, the rezoning is null and void.

4. That since there was no evidence presented at the time of the January 31, 2006 rezoning to the effect that there had been a

substantial change in condition or circumstance in the area since the September 27, 2005 rezoning, the actions of the City of Kings Mountain in rezoning the property from GB to R-8 were arbitrary and capricious; therefore, the rezoning is null and void.

The City of Kings Mountain, Dean Spears, Houston Corn, Howard Shipp, Mike Butler, Jerry Mullinax, Rodney Gordon, and Keith Miller, in their capacity as City Council members for the City of Kings Mountain, and Rick Murphrey, in his capacity as Mayor for the City of Kings Mountain, and Robert Bazzle (collectively, "respondents") appeal. On appeal, respondents contend that the trial court erred by: (1) finding that Mr. Bazzle presented no evidence to the Council that he was a resident of Kings Mountain and concluding that the Council improperly considered Mr. Bazzle's zoning amendment application; (2) concluding that the Council improperly circumvented the appeals process for the 27 September 2005 zoning decision; and (3) applying the wrong legal standard in determining whether the legislative actions of the Council were arbitrary and capricious.

I. Evidence of Mr. Bazzle's Residency

[1] First on appeal, respondents contend that the trial court erred in finding that Mr. Bazzle presented no evidence to the Council that he was a resident of Kings Mountain. We agree that this finding is erroneous.

After careful examination of the record on appeal, we hold that there was competent evidence before the Council at the 31 January 2006 hearing to show that Mr. Bazzle was a resident of Kings Mountain. Mr. Bazzle listed his street address on his application for rezoning and provided his signature at the bottom of the application for the purpose of certifying that all of the information provided on the application form was true. While Mr. Bazzle did not identify his city of residence on such form, this is consistent with the manner in which Mr. Bazzle is identified in the minutes of the 31 January 2006 meeting. Thus, there is evidence in the record that merely listing a street address, as opposed to a full address, was the common practice of Kings Mountain residents at City Council meetings, whereas, only non-residents included their cities of residence when identifying themselves at such meetings. Moreover, in considering the sufficiency of the listing of a street address as evidence of Mr. Bazzle's residency within the City of Kings Mountain, we find it instructive that even trial courts " 'sitting in a city' " may " 'judicially notice the streets, squares, the public grounds thereof, their location, and rela-

tion to one another, and the direction in which they run as laid down on an official map of the city.' " *State v. Martin*, 270 N.C. 286, 289, 154 S.E.2d 96, 98 (1967) (citation omitted). Thus, the fact that 901-2 Sterling Drive is an address located within the City of Kings Mountain is the sort of fact that would be generally known to the members of the Council and was not a fact subject to reasonable dispute.

Finally, Article XIV, Section 14.2(2)(c) of the Code of Ordinances for the City of Kings Mountain ("the Kings Mountain Ordinances"), provides, in part, "Applications to change, supplement, or amend this ordinance may be initiated by[] . . . [a]nyone who owns property or resides in the area of jurisdiction of this Ordinance or the agent of such person." Section 14.3 of the Kings Mountain Ordinances, provides, in part:

> The Planning Department, before scheduling any amendment on the application for consideration by the Planning Commission, shall ensure that it contains all the required information as specified in this Ordinance and on the application form.

There is no requirement in the Kings Mountain Ordinances that an applicant submit any supplemental proof of residency besides that which is listed on the application form. As previously discussed, based on Mr. Bazzle's certified application, the Council found that Mr. Bazzle was, in fact, a resident of Kings Mountain and there was competent evidence before the Council to support this finding. *See also Habitat for Humanity of Moore Cty., Inc. v. Board of Comm'rs of Town of Pinebluff*, 187 N.C. App. 764, 767, 653 S.E.2d 886, 888 (2007) ("Although Commissioners correctly note that the property owner did not sign the application, this is irrelevant in light of their finding that Habitat's application was complete."). Accordingly, the trial court's conclusion that the Council violated Article XIV, Section 14.2(2)(c) of the Kings Mountain Zoning Ordinances by not requiring more evidence that Robert Bazzle owned property or resided in the jurisdiction is erroneous.

## II. Rezoning Procedure

[2] Next on appeal, respondents contend that the trial court erred in concluding that the Council circumvented the proper appeals process from the 27 September 2005 zoning decision by considering Mr. Bazzle's rezoning application. We agree that this conclusion is erroneous, but we conclude that the Council, nonetheless, exceeded its legislative authority by considering a zoning map amendment appli-

CARROLL v. CITY OF KINGS MOUNTAIN

[193 N.C. App. 165 (2008)]

cation filed prior to the expiration of the four-month window mandated by Section 14.8 of the Kings Mountain Ordinances.

"[A]s a general matter, the power to zone real property is vested in the General Assembly by article II, section 1, of the North Carolina Constitution." *Chrismon v. Guilford County*, 322 N.C. 611, 617, 370 S.E.2d 579, 583 (1988). "This zoning power may be and has been conferred by the General Assembly upon various local governments by legislative enactment." *Id.*

Thus, "rezoning is a legislative act[.]" *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 373, 344 S.E.2d 357, 360, *disc. review denied and appeal dismissed*, 318 N.C. 417, 349 S.E.2d 600 (1986); *see also Brown v. Town of Davidson*, 113 N.C. App. 553, 556, 439 S.E.2d 206, 208 (1994). A city council, acting as a legislative body, has authority to rezone when "reasonably necessary to do so in the interests of the public health, safety, morals or general welfare." *See Willis v. Union County*, 77 N.C. App. 407, 409, 335 S.E.2d 76, 77 (1985). "Ordinarily, the only limitation upon [a city council's] legislative authority is that it may not be exercised arbitrarily or capriciously." *Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 440 (1971). Furthermore:

> When the most that can be said against such ordinances is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable, the courts will not interfere. In such circumstances the settled rule seems to be that the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining whether its action is in the interest of the public health, safety, morals, or general welfare.

*In re Appeal of Parker*, 214 N.C. 51, 55, 197 S.E. 706, 709, *appeal dismissed*, 305 U.S. 568, 83 L. Ed. 358 (1938).

The enactment of zoning legislation within the limitations imposed by the constitution and the enabling statute is a matter within the legislative authority of the Council. Thus, the trial court's conclusion that the Council improperly circumvented an appeals process in exercising its legislative authority to amend the city's zoning map is erroneous. Nonetheless, we conclude that the Council's actions were improper because its legislative authority was subject to a time limitation provided by ordinance. The Kings Mountain Ordinances provide, in pertinent part, as follows:

Article XIV  Amendment Procedures; Conditional Use Districts

14.1  General

The City Council may amend, supplement or change the Zoning Ordinance text and zoning district lines and designations according to the following procedure. . . .

14.2  Amendment Initiation

Applications to change, supplement or amend this Ordinance may be initiated by:

1) Textual Amendment

   (a) The City Council;

   (b) The Planning and Zoning Board;

   (c) Anyone who owns property or resides in the area of jurisdiction of this ordinance or the agent of such person.

2) Map Amendment

   (a) The City Council;

   (b) The Planning and Zoning Board;

   (c) Anyone who owns property or resides in the area of jurisdiction of this ordinance or the agent of such person.

\* \* \* \*

14.8  Maximum Number of Applications

**No application for the same zoning district applicable to the same property or any part thereof shall be filed until the expiration of four (4) months from:**

**(1)  The date of final determination by the City Council;** or

(2) The date of the public hearing or scheduled public hearing if the application is withdrawn after it has been advertised for public hearing.

(Emphasis added.)

Here, Mr. Bazzle filed an application to amend the zoning district applicable to Mr. Carroll's property prior to the expiration of the four-

month window that began on 27 September 2005, the date in which the Council made a final determination that such district would be zoned GB. In considering Mr. Bazzle's application, the Council violated Section 14.8 of the Kings Mountain Ordinances and acted outside of the scope of its legislative authority. Accordingly, this decision should be reversed.

### III. Standard of Review for Legislative Action

[3] Finally, although we conclude that the Council's zoning decision should be reversed under Section 14.8 of the Kings Mountain Ordinances, we briefly address respondents' remaining assignments of error that the trial court applied the wrong standard of review in concluding that the Council's legislative actions were arbitrary and capricious because (1) they were based on undocumented concerns of traffic; and (2) there was no "evidence of a substantial change in condition or circumstance in the area." We agree that the trial court applied the wrong standard of review in reaching these conclusions. The proper standard of review for legislative action by a city council is the deferential standard articulated above.

Because we conclude that Mr. Bazzle's application was filed and considered in violation of Section 14.8 of Kings Mountain Ordinances, we affirm.

Affirmed.

Judges STEELMAN and ARROWOOD concur.